[Crim. No. 10773. In Bank. May 5, 1967.]

THE PEOPLE, Plaintiff and Respondent v. RONALD S. HERRERA, Defendant and Appellant.

Henry P. Crabtree, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Mark W. Jordan and Elizabeth Miller, Deputy Attorneys General, for Plaintiff and Respondent.

McCOMB, J.—The Court of Appeal, Second Appellate District, Division One, granted a motion dismissing defendant's appeal without an opinion.

*Facts*: On December 13, 1965, a judgment of conviction was entered in the trial court following defendant's plea of guilty to the charge of escape from the Santa Barbara County Honor Farm (Pen. Code, § 4532, subd. (b)).

On December 24, 1965, defendant filed with the trial court a written statement required by section 1237.5 of the Penal Code[1] and a notice of appeal. The notice of appeal and the

---

[1]Section 1237.5 reads: "No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, except where:

"(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable consti-

statement required by defendant under section 1237.5 are dated December 21, 1965, and his address is shown as the Santa Barbara County jail. His notice and statement were timely filed.

By the terms of rule 31(d) of the California Rules of Court, the trial judge, within 60 days after the rendition of judgment, should have filed either a certificate of probable cause in order to make defendant's appeal operative or an order denying such certificate. He did neither.

On March 10, 1966, the trial judge approved the record on appeal, which was thereafter transmitted to the Court of Appeal, and counsel was appointed to represent defendant.

The statement executed by defendant pursuant to section 1237.5 of the Penal Code, although filed in the trial court, was not included in the record on appeal, and on motion of the Attorney General the appeal was dismissed for defendant's failure to file the statement and failure of the trial judge to file a certificate of probable cause.

■ Question: *Was defendant's appeal properly filed?*

*Yes.* By approving the transcript on appeal, the trial judge *in effect* certified defendant's case for appeal. As a result, defendant, who had filed the required statement with the trial court, should not be penalized for the trial court's failure to file a certificate of probable cause.

The motion to dismiss the appeal is denied.

Traynor, C. J., Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.

Respondent's petition for a rehearing was denied May 31, 1967.

---

tutional, jurisdictional, or other grounds going to the legality of the proceedings; and

"(b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk."