[No. S057937. Mar. 16, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES LLOYD, Defendant and Appellant.

**COUNSEL**

Dennis A. Fischer, under appointment by the Supreme Court, and John Doyle, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Pamela C. Hamanaka, Kenneth C. Byrne and David C. Cook, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MOSK, J.**—We granted review to address issues, which continue to trouble the appellate courts, concerning the circumstances under which a defendant may take an appeal from a judgment of conviction entered on a plea of guilty or nolo contendere.

I

On September 19, 1994, appellant James Lloyd robbed Sybil Ferguson of about $73 at knife point as she was working in a store in San Pedro selling saltwater taffy. He immediately fled. He was soon arrested without incident.

By information filed in the Superior Court of Los Angeles County, the People charged Lloyd with robbery (Pen. Code, § 211) of the second degree (*id.*, § 212.5, former subd. (b), present subd. (c)), which is a serious felony (*id.*, § 1192.7, subd. (c)(19)), and alleged in substance that he personally used a deadly or dangerous weapon, viz., a knife, in its commission (*id.*, § 12022, subd. (b)). To bring the cause within the so-called "Three Strikes" law (*id.*, § 667, subds. (b)-(i)),[1] they alleged that he had previously been convicted of these serious and/or violent felonies: (1) a 1985 conviction of residential burglary (Pen. Code, § 459); (2) another 1985 conviction of residential burglary; (3) a 1991 conviction of robbery, with a weapon-use finding; and (4) a 1991 conviction of assault with a deadly weapon (*id.*, § 245, subd. (a)(1)), with a weapon-use finding. Among other things, they alleged that, prior to the present serious felony, he had previously been convicted of these serious felonies on charges brought and tried separately (*id.*, § 667, subd. (a)(1)): (1) the first 1985 residential burglary conviction; (2) the second 1985 residential burglary conviction; (3) the 1991 robbery and assault with a deadly weapon convictions, each with its weapon-use finding; and, apparently again, (4) the first 1985 residential burglary conviction. They also alleged that he had served a prior prison term for these felonies (*id.*, § 667.5, subd. (b)): (1) the second 1985 residential burglary conviction; (2) a 1988 conviction of commercial burglary (*id.*, § 459); (3) a 1991 conviction of grand theft of a motor vehicle (*id.*, former § 487h, subd. (a); see *id.*, § 487, subd. (d)); and (4) the 1991 robbery and assault with a deadly weapon convictions, each with its weapon-use finding.

Lloyd pleaded not guilty to the charge with a denial of the allegations.

After the cause was called for trial by jury, Lloyd withdrew his original not guilty plea with his denial of the allegations, and entered a new and different plea of nolo contendere. He did so with the superior court's leave. He also did so without a plea bargain—being motivated, according to the superior court, by a desire "to spare the [victim] in this case," who was then 64 years of age. The superior court found him guilty of the charge with adverse findings on the allegations. He had evidently offered to plead guilty to second degree robbery, apparently in exchange for the striking of some of the allegations, in order to obtain a term of 25 years to life in prison, but the People had not accepted. He had been informed by counsel that, in the period prior to sentencing, that "there might be some decisions by the higher

---

[1] At the time pertinent here, the legislative version of the Three Strikes law (Stats. 1994, ch. 12, § 1, codified as Pen. Code, § 667, subds. (b)-(i)) had been enacted. The initiative version (Prop. 184, § 1, as approved by voters, Gen. Elec. (Nov. 8, 1994), codified as Pen. Code, § 1170.12) had not. The "relevant portions" of the two versions are "virtually identical." (*People* v. *Dotson* (1997) 16 Cal.4th 547, 551, fn. 2 [66 Cal.Rptr.2d 423, 941 P.2d 56].)

courts which would change the way in which priors are imposed."[2] At that time, *People* v. *Superior Court* (*Romero*) (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628] (hereafter *Romero*) was pending before us on review; it presented the issue whether a trial court has authority to strike an allegation, or vacate a finding, of a prior serious and/or violent felony conviction under the Three Strikes law, on its own motion, in furtherance of justice.

At the sentencing hearing, which was continued more than six months in order to wait, futilely it turned out, for pertinent "decisions by the higher courts," the superior court expressed a belief to the effect that, except as to the prior-prison-term findings, it did not have authority to vacate. Lloyd expressed a desire to preserve the issue in the event that we should hold favorably. At his urging, the superior court indicated for the record that it would have considered vacating one or more of the other findings, on its own motion, in furtherance of justice. Rendering a judgment of conviction, it proceeded to impose sentence, including a term of forty-six years to life in prison: an indeterminate term of twenty-five years to life for second degree robbery because there was more than one finding of a prior serious and/or violent felony conviction under the Three Strikes law;[3] a term of one year additional and consecutive for the weapon-use finding; and a term of five years additional and consecutive for each of the four findings of a prior serious felony conviction on charges brought and tried separately. It vacated the four prior-prison-term findings. Lloyd expressed an intent to appeal as to sentence.

In conformity with his expressed intent, Lloyd filed a notice of appeal from the judgment of conviction as to sentence.

An appeal was docketed in the Second Appellate District of the Court of Appeal, and was assigned to Division Seven thereof.

---

[2]It appears that counsel specifically hoped for an appellate decision to the effect that, when a finding of a prior serious felony conviction on charges brought and tried separately is used to calculate the minimum term of the indeterminate term of life in prison when there is more than one finding of a prior serious and/or violent felony conviction under the Three Strikes law (Pen. Code, §§ 667, subd. (e)(2)(A)(iii), 1170.12, subd. (c)(2)(A)(iii)), that same finding may not, or at least need not, be used to impose an additional and consecutive term of five years. We would subsequently conclude, contrary to counsel's apparent hope, that, even when such a finding is used for calculation of the minimum term, it must also be used for enhancement thereof. (*People* v. *Dotson*, *supra*, 16 Cal.4th at p. 550 [decided under Pen. Code, § 1170.12, subd. (c)(2)(A)(iii), but applicable as well to the "virtually identical" Pen. Code, § 667, subd. (e)(2)(A)(iii)].)

[3]The superior court apparently calculated the indeterminate term of twenty-five years to life in prison for second degree robbery by using the upper term of five years and adding five years for each of the four findings of a prior serious felony conviction on charges brought and tried separately. (See Pen. Code, § 667, subd. (e)(2)(A)(iii); accord, *id.*, § 1170.12, subd. (c)(2)(A)(iii).)

While Lloyd's appeal was pending, we handed down our decision in *Romero,* wherein we held, in pertinent part, that a trial court has authority to vacate a finding of a prior serious and/or violent felony conviction under the Three Strikes law, on its own motion, in furtherance of justice.

Lloyd filed his opening brief, claiming that the superior court erred to the extent that it concluded that it could not do what we held in *Romero* it could.

The People moved to dismiss Lloyd's appeal, claiming that Lloyd had not complied with section 1237.5 of the Penal Code (hereafter section 1237.5) and rule 31(d) of the California Rules of Court (hereafter rule 31(d)), which require a statement of grounds by the defendant and a certificate of probable cause by the trial court for the taking of an appeal from a judgment of conviction entered on a plea of guilty or nolo contendere. Lloyd opposed, claiming that he had in fact complied insofar as he had to.

Granting the People's motion, the Court of Appeal issued an order dismissing Lloyd's appeal.

Thereupon, on Lloyd's petition, we granted review.

## II

Section 1237.5 states the general rule: A defendant may not take an appeal from a judgment of conviction entered on a plea of guilty or nolo contendere unless: (1) the defendant himself has "filed with the trial court a written statement, executed under oath or penalty of perjury[,] showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings"; and (2) the trial court has "executed and filed a certificate of probable cause for such appeal with the county clerk."

As we recently explained in *People* v. *Panizzon* (1996) 13 Cal.4th 68 [51 Cal.Rptr.2d 851, 913 P.2d 1061] (hereafter sometimes *Panizzon*), and *People* v. *Jones* (1995) 10 Cal.4th 1102 [43 Cal.Rptr.2d 464, 898 P.2d 910] (hereafter sometimes *Jones*), the first paragraph of rule 31(d) implements this general rule by providing, inter alia, as follows: An appeal of this sort may not be taken unless the defendant files the statement of grounds "as an intended notice of appeal," and does not become "operative" unless the trial court "executes and files the certificate of probable cause . . . ." (Rule 31(d); see *People* v. *Panizzon, supra,* 13 Cal.4th at p. 75; *People* v. *Jones, supra,* 10 Cal.4th at p. 1106.)

Section 1237.5 has been held to admit an exception to the general rule: A defendant may take an appeal from a judgment of conviction entered on a

plea of guilty or nolo contendere without a statement of grounds by the defendant and a certificate of probable cause by the trial court if he (1) "seek[s] appellate review of the validity of a search or seizure" contested "under section 1538.5" of the Penal Code (*People* v. *West* (1970) 3 Cal.3d 595, 601 [91 Cal.Rptr. 385, 477 P.2d 409]; accord, *People* v. *Panizzon, supra*, 13 Cal.4th at p. 74; *People* v. *Jones, supra*, 10 Cal.4th at p. 1106); or (2) "assert[s] only that errors occurred in the . . . adversary hearings conducted by the trial court for the purpose of determining the degree of the crime and the penalty to be imposed," and does "not attempt[] to challenge the validity of" the "plea" itself (*People* v. *Ward* (1967) 66 Cal.2d 571, 574 [58 Cal.Rptr. 313, 426 P.2d 881]; accord, *People* v. *Panizzon, supra*, 13 Cal.4th at p. 74; *People* v. *Jones, supra*, 10 Cal.4th at p. 1106).

As we also recently explained in *Panizzon* and *Jones*, the second paragraph of rule 31(d) implements this exception to the general rule by providing as follows: An appeal of this sort may be taken without a statement of grounds by the defendant and a certificate of probable cause by the trial court if it is "based solely upon grounds (1) occurring after entry of the plea which do not challenge its validity or (2) involving a search or seizure, the validity of which was contested pursuant to section 1538.5 of the Penal Code"; it does not become "operative," however, "unless the notice of appeal states that it is based upon such grounds." (Rule 31(d); see *People* v. *Panizzon, supra*, 13 Cal.4th at p. 75; *People* v. *Jones, supra*, 10 Cal.4th at pp. 1106-1107.)

## III

■ We now turn to review the order of the Court of Appeal dismissing Lloyd's appeal from the superior court's judgment of conviction entered on his plea of nolo contendere. We do so independently: "We have no need to defer, because we can ourselves conduct the same analysis. In fact, we have need *not* to defer, in order to be free to further the uniform articulation and application of the law within our jurisdiction." (*Smiley* v. *Citibank* (1995) 11 Cal.4th 138, 146 [44 Cal.Rptr.2d 441, 900 P.2d 690], affd. (1996) 517 U.S. 735 [116 S.Ct. 1730, 135 L.Ed.2d 25], original italics.)

At the threshold, we must determine whether Lloyd's appeal is operative. We presently assume what we shall hereafter conclude, viz., that his appeal is indeed "based solely upon grounds . . . occurring after entry of" his "plea" of nolo contendere "which do not challenge its validity" within the meaning of rule 31(d). Such an appeal does not become "operative," as the rule itself declares, "unless the notice of appeal states that it is based upon such grounds." (*Ibid.*) The notice of appeal was drafted on a form. It bears

the handwritten notation: "Rule 31(d)." It contains the printed sentence: "Defendant hereby appeals from the judgment . . . ." The printed word "judgment" is crossed out and the handwritten word "sentence" appears above its place. It can be argued that the notice of appeal is insufficient because it does not state expressly, in the words of the rule itself, that the appeal is based "on grounds . . . occurring after entry of the plea which do not challenge its validity." (*Ibid.*) But it can also be argued that the notice of appeal is in fact sufficient because it so states impliedly—that is to say, through its combined reference to "sentence," which is imposed after the entry of a plea, and "Rule 31(d)," which allows an appeal to be taken without a statement of grounds by the defendant and a certificate of probable cause by the trial court only if it does not challenge its validity. There is a requirement that a notice of appeal must "be liberally construed in favor of its sufficiency." (Cal. Rules of Court, rule 31(b).) There is no requirement that it must make the requisite statement of basis expressly rather than impliedly. On balance—and in light of the People's concession at oral argument—the notice of appeal may be deemed sufficient.

On the merits, we must determine whether the Court of Appeal's order dismissing Lloyd's appeal was erroneous. It was. First, the "grounds" of his appeal "occurr[ed] after entry of" his "plea" of nolo contendere within the meaning of rule 31(d). They go only to sentence—which the superior court imposed more than six months after he entered his plea. Second, the "grounds" of his appeal "do not challenge" the "validity" of his plea within the meaning of rule 31(d). They do not attack his conviction, either in word or in reality, as to either guilt or the adverse findings. All that they do is to amount to a claim that the superior court erred under *Romero* to the extent that it believed that it did not have authority to vacate a finding of a prior serious and/or violent felony conviction under the Three Strikes law, on its own motion, in furtherance of justice. The exercise of such authority does not call into question the finding itself or its support. Rather, weighing the " 'rights of the defendant' " and the " 'interests of society' " the one against the other (*People* v. *Orin* (1975) 13 Cal.3d 937, 945 [120 Cal.Rptr. 65, 533 P.2d 193], italics omitted), it considers its consequences.

In *Panizzon*, we recognized that, even if it purportedly challenges the sentence only, a defendant's appeal from a judgment of conviction entered on a plea of guilty or nolo contendere must be dismissed in the absence of a statement of grounds by the defendant and a certificate of probable cause by the trial court if, *in substance*, it challenges the validity of the plea. (*People* v. *Panizzon, supra*, 13 Cal.4th at p. 76.) It does so if the sentence was part of a plea bargain. (*Id.* at p. 79.) It does not if it was not (*id.* at p. 78)—especially so if the claim or claims in question were "reserved as part of the plea agreement" (*id.* at p. 78, fn. 8).

In dismissing Lloyd's appeal, the Court of Appeal evidently relied on *Panizzon*, to judge from the handwritten notation by one of its members on the cover of the People's motion to dismiss Lloyd's appeal: "Granted (rt. to appeal not reserved in plea bargain.)" It ought not to have done so. There was, in fact, no plea bargain. Nor could there have been—at least not as to any of the allegations of a prior serious and/or violent felony conviction under the Three Strikes law (see Pen. Code, § 667, subd. (g); accord, *id.*, § 1170.12, subd. (e)).

All but conceding that the Court of Appeal's apparent reasoning was unsound, the People attempt to salvage its result. They are unsuccessful. They invoke *People* v. *Zamora* (1991) 230 Cal.App.3d 1627, 1634-1638 [282 Cal.Rptr. 100], *People* v. *Hunt* (1985) 174 Cal.App.3d 95, 107-110 [219 Cal.Rptr. 731], and *People* v. *Sabados* (1984) 160 Cal.App.3d 691, 694-696 [206 Cal.Rptr. 799]. Unavailingly. In each, the Court of Appeal held noncognizable a claim by a defendant that, by imposing the sentence it did following a plea of guilty, the superior court erred under the cruel or unusual punishment clause of section 17 of article I of the California Constitution: the point was fact bound; whether or not it would have been meritorious might have depended on evidence that could have been presented at trial—which was pretermitted as a result of the guilty plea. We have no occasion to approve, or disapprove, of any of these decisions. For none is applicable. Here, the Court of Appeal could not have held noncognizable Lloyd's claim that the superior court erred to the extent that it concluded that it did not have authority to vacate a finding of a prior serious and/or violent felony conviction under the Three Strikes law, on its own motion, in furtherance of justice: this point—which is purely one of law—is *not* fact bound; hence, whether or not it is meritorious does *not* depend on evidence that could have been presented at trial.[4]

## IV

For the reasons stated above, we conclude that we must vacate the order of the Court of Appeal dismissing Lloyd's appeal and remand the cause to that court with directions for its reinstatement.

[4]We have not been presented with and, accordingly, need not resolve the issue whether the sentence is "unauthorized" in the sense that "it could not lawfully be imposed under any circumstance in" this "particular case" (*People* v. *Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040]) on either or both of the following grounds: (1) insofar as it contains an indeterminate term of twenty-five years to life in prison for second degree robbery, which was not calculated with the addition of one year for the weapon-use finding (see fn. 3, *ante*; see also *People* v. *Dotson, supra*, 16 Cal.4th at pp. 553-554, fn. 5 [construing Pen. Code, § 1170.12, subd. (c)(2)(A)(iii), but applicable as well to the "virtually identical" Pen. Code, § 667, subd. (e)(2)(A)(iii)]); and (2) insofar as it comprises *two* additional and consecutive terms of imprisonment for five years for *two* findings of a prior serious felony conviction on charges brought and tried separately that were apparently based on a *single* such conviction, namely, the first 1985 residential burglary conviction (see p. 661, *ante*).

It is so ordered.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., and Chin, J., concurred.

**BROWN, J.**—I respectfully dissent.

This court's historical approach to certificate of probable cause issues has proven disastrous. Penal Code section 1237.5 provides that "[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk." Despite the statute's admittedly "broad language" (*People* v. *Panizzon* (1996) 13 Cal.4th 68, 74 [51 Cal.Rptr.2d 851, 913 P.2d 1061]; *People* v. *Jones* (1995) 10 Cal.4th 1102, 1106 [43 Cal.Rptr.2d 464, 898 P.2d 910]), this court long ago went into the business of crafting exceptions to the statute. (See *People* v. *Ward* (1967) 66 Cal.2d 571 [58 Cal.Rptr. 313, 426 P.2d 881].)

For the past 30 years, we have suffered with the consequences, struggling repeatedly—and unsuccessfully—to articulate the scope of the certificate of probable cause requirement, now riddled with ill-defined exceptions and exceptions to exceptions. (See, e.g., *People* v. *Panizzon, supra,* 13 Cal.4th 68; *People* v. *Hoffard* (1995) 10 Cal.4th 1170 [43 Cal.Rptr.2d 827, 899 P.2d 896]; *People* v. *Jones, supra,* 10 Cal.4th 1102; *People* v. *Sumstine* (1984) 36 Cal.3d 909 [206 Cal.Rptr. 707, 687 P.2d 904]; *In re Joseph B.* (1983) 34 Cal.3d 952 [196 Cal.Rptr. 348, 671 P.2d 852]; *People* v. *Holland* (1978) 23 Cal.3d 77 [151 Cal.Rptr. 625, 588 P.2d 765]; *People* v. *Kaanehe* (1977) 19 Cal.3d 1 [136 Cal.Rptr. 409, 559 P.2d 1028]; *People* v. *DeVaughn* (1977) 18 Cal.3d 889 [135 Cal.Rptr. 786, 558 P.2d 872]; *In re Brown* (1973) 9 Cal.3d 679 [108 Cal.Rptr. 801, 511 P.2d 1153]; *People* v. *Flores* (1971) 6 Cal.3d 305 [98 Cal.Rptr. 822, 491 P.2d 406]; *People* v. *Ribero* (1971) 4 Cal.3d 55 [92 Cal.Rptr. 692, 480 P.2d 308]; *People* v. *West* (1970) 3 Cal.3d 595 [91 Cal.Rptr. 385, 477 P.2d 409]; *People* v. *Laudermilk* (1967) 67 Cal.2d 272 [61 Cal.Rptr. 644, 431 P.2d 228]; *People* v. *Herrera* (1967) 66 Cal.2d 664 [58 Cal.Rptr. 319, 426 P.2d 887]; *People* v. *Ward, supra,* 66 Cal.2d 571.)[1] This is to say nothing of the burden on the Courts of Appeal, which have been set adrift in a sea of confusion. Instead of raising the white flag and

---

[1]Indeed, although the ink is not yet dry on this opinion, the court has already granted review in yet another such case. (See *People* v. *Mendez,* review granted Feb. 3, 1998 (S066175).)

surrendering with dignity, the majority doggedly pursues its self-declared war.

Ironically, the whole purpose of the certificate of probable cause requirement is "to discourage and weed out frivolous or vexatious appeals challenging convictions following guilty and nolo contendere pleas. [Citations.] The objective is to promote judicial economy 'by screening out wholly frivolous guilty [and nolo contendere] plea appeals before time and money is spent preparing the record and the briefs for consideration by the reviewing court.' [Citations.]" (*People* v. *Panizzon, supra,* 13 Cal.4th at pp. 75-76.) Since a defendant can always obtain a record and counsel for appeal by noticing a "noncertificate" appeal, the certificate of probable cause requirement now fails to serve its intended screening function before these expenses are incurred. The time is long overdue either to extend the certificate of probable cause requirement to all postplea appeals or to abolish it. The present situation is simply a prescription for unnecessary litigation. Of course, only the Legislature has the power to abolish the statutory requirement of a certificate of probable cause altogether. This court, however, does have the power to rethink the gloss we have placed on the statute's otherwise comprehensive language.

We need not go that far to resolve this case. But we can at least put a halt to the process. Here, the majority creates yet another exception to the rules governing certificates of probable cause—this time an exception to our own implementing rule, California Rules of Court, rule 31(d) (hereafter rule 31(d)). The second paragraph of rule 31(d) provides as follows: "If the appeal from a judgment of conviction entered upon a plea of guilty or nolo contendere is based solely upon grounds (1) occurring after entry of the plea which do not challenge its validity or (2) involving a search or seizure, the validity of which was contested pursuant to section 1538.5 of the Penal Code, the provisions of section 1237.5 of the Penal Code requiring a statement by the defendant and a certificate of probable cause by the trial court are inapplicable, *but the appeal shall not be operative unless the notice of appeal states that it is based upon such grounds.*" (Italics added.) The majority concludes "[t]here is no requirement that [a notice of appeal] must make the requisite statement of basis expressly rather than impliedly." (Maj. opn., *ante,* at p. 665.) Applying this new construction of rule 31(d), the majority holds the notice of appeal at issue in this case contains a sufficient implied statement "through its combined reference to 'sentence,' which is imposed after the entry of a plea, and 'Rule 31(d),' which allows an appeal to be taken without a statement of grounds by the defendant and a certificate of probable cause by the trial court only if it does not challenge its validity." (Maj. opn., *ante,* at p. 665.)

I cannot agree. The language of rule 31(d)—like the language of Penal Code section 1237.5—is unambiguous. It requires an express statement that

the appeal is based on one of the two grounds identified in the second paragraph of the rule—in this case, an express statement that the appeal is based solely upon grounds "occurring after entry of the plea which do not challenge its validity." (Rule 31(d); see also *In re Manzy W.* (1997) 14 Cal.4th 1199, 1203-1204 [60 Cal.Rptr.2d 889, 930 P.2d 1255] [statute requiring juvenile court to " 'declare the offense to be a misdemeanor or felony' " is "unambiguous" and "requires an explicit declaration"].) There are sound policy reasons for the requirement of an express statement of grounds. Every year, the clerks of our appellate courts process thousands of criminal notices of appeal. This processing typically occurs prior to the appointment of counsel and prior to the preparation of the appellate record. In this context, it is especially important to have clear, easy to apply rules, not rules that turn on esoteric determinations of whether a particular notice of appeal contains an adequate "implied statement" of grounds.

Even if the majority were correct in its conclusion that rule 31(d) allows an implied statement of grounds in some cases, the notice of appeal at issue in this case does not contain a sufficient implied statement. The notice of appeal's reference to "Rule 31(d)" is insufficient to demonstrate that this is a noncertificate appeal. As the majority explains (maj. opn., *ante*, at pp. 663-664), the rule governs *both* certificate and noncertificate appeals. Nor does the additional reference to the "sentence" demonstrate that this is a noncertificate appeal. As the majority acknowledges (*id.* at p. 665), some sentencing appeals do require certificates of probable cause. (See *People* v. *Panizzon, supra*, 13 Cal.4th 68.)[2]

Because the result the majority reaches is neither compelled by the governing statutes and court rules nor prudent from a policy standpoint, I would affirm the order of the Court of Appeal dismissing the appeal.

---

[2] Although the majority references "the People's concession at oral argument" (maj. opn., *ante*, at p. 665), what the People conceded is that the instant notice of appeal "states that it is raising a post-plea matter not attacking the validity of the plea." As a factual matter, the People are simply mistaken. In any event, it should go without saying that an appellate court has a sua sponte obligation to determine the legal sufficiency of a notice of appeal.