Filed 5/28/13  P. v. Pickens CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039063 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. F21149) |
| v. | |
| DAVE ALLEN PICKENS, | |
| Defendant and Appellant. | |

## I. INTRODUCTION

On March 23, 2011, the Santa Cruz County Sheriff's Narcotic Enforcement Team executed a search warrant for defendant Dave Allen Pickens, his residence, and his vehicle.  The search yielded a cell phone in defendant's pants pocket, three half-height sandwich bags in his shirt pocket, a functioning digital scale in a shed, 0.6 grams of methamphetamine and a methamphetamine pipe in a case in the headboard of a bed, and 29.2 grams of methamphetamine concealed in another half-height sandwich bag in defendant's underwear.  Defendant exhibited symptoms of methamphetamine use.  During the course of the search, defendant waived his rights and, as more evidence was discovered, eventually admitted that he had returned to selling and using methamphetamine because so many people were asking him for it.

An information filed on August 31, 2011, charged defendant with the felonies of transporting (count 1; Health & Saf. Code, § 11379, subd. (a)) and possessing methamphetamine for sale (count 2; *id*. § 11378) and the misdemeanor of being under its

influence (count 3; *id*. § 11550, subd. (a)) after having served two prison terms for felony convictions in 1998 (Veh. Code, § 23152, subd. (b)) and 2005 (Pen. Code, § 273.5). (*Id*. § 667.5, subd. (b).) On September 11, 2012, pursuant to the trial court's indication of granting probation, after waiving his trial rights defendant was convicted by no contest pleas and admissions of all charges contained in the information. The court granted the prosecutor's motion to dismiss a misdemeanor charge in a separate proceeding.

On October 23, 2012, the trial court followed the recommendation in the probation report by suspending imposition of sentence for three years and placing defendant on formal probation under 17 conditions, including serving 365 days in county jail and being subject to testing, seizure, and search for intoxicants and evidence of drug use and sales at any time. The court encouraged the Sheriff's Department to allow defendant to participate in "whatever alternatives to incarceration program they have based on [his] health situation."

On defendant's behalf, trial counsel filed a timely notice of appeal without obtaining a certificate of probable cause for an appeal. (Pen. Code, § 1237.5.) The notice indicated that the appeal would be based on the trial court's denial of a suppression motion. (*Id*. § 1538.5, subd. (m); Cal Rules of Court, rule 304(b)(4)(A).)

On March 5, 2013, this court advised defendant by letter that appointed counsel has filed a brief that raised no specific issue, requiring this court to examine the entire record to determine whether there is an arguable issue. In response to this court's invitation, defendant has timely filed a two-page handwritten supplemental brief.

## II. STANDARD OF REVIEW

This kind of appeal obliges us to "review the entire record" to determine whether appointed counsel has correctly determined that there are no arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436, 441.) In performing our review, we are required to "provide a brief description of the underlying facts, the procedural history, the crimes of

which the defendant was convicted, and the punishment imposed" (*People v. Kelly* (2006) 40 Cal.4th 106, 124) as we have done above, and further, to describe any "contentions personally raised by the defendant and the reasons those contentions fail." (*Ibid.*)  After conducting this review, we will affirm the judgment for the reasons stated below.

### III. Review of record and defendant's claims

#### A. Limitations on review after no contest plea

Defendant's letter lists what he calls seven "issues."  One is simply "Transportation of Methamphetamine Charge."  We do not understand what legal issue he intends.  As this court explained in *People v. Voit* (2011) 200 Cal.App.4th 1353, pleas of guilty and no contest limit what issues may be raised on appeal.  The plea waives any claims of innocence and lack of evidence to convict. (*Id.* at p. 1364.)  " 'Issues cognizable on an appeal following a guilty plea are limited to issues based on "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" resulting in the plea.  ([Pen. Code,] § 1237.5; [citation].)' " (*Ibid.*, quoting *People v. DeVaughn* (1977) 18 Cal.3d 889, 895.)

The failure to obtain a certificate of probable cause from the trial court further limits the issues available on appeal.  California Rules of Court, rule 8.304(b)(4) has codified precedent authorizing appeals after pleas of guilty and no contest without a certificate in only two situations:  when the appeal is based on either "(A) The denial of a motion to suppress evidence under Penal Code section 1538.5; or [¶] (B) Grounds that arose after entry of the plea and do not affect the plea's validity."  (Cal. Rules of Court, rule 8.304(b)(4); *People v. Lloyd* (1998) 17 Cal.4th 658, 663-664.)

## B. DENIAL OF DEFENDANT'S SUPPRESSION MOTION

Four of the issues identified by defendant pertain to his motion to suppress evidence, which was filed on December 7, 2011, and denied after a hearing on December 21, 2011.

### 1. THE ACCURACY OF THE ADDRESS IN THE SEARCH WARRANT

Defendant's person and premises were searched pursuant to a warrant which authorized the search, among other things, of "THE PERSON known as DAVID PICKENS," with a description of him, and "THE PREMISES at 102 Lake Avenue, Santa Cruz, County of Santa Cruz, California, which is further described as a white single story residential structure. The black number '102' is located on the front right side of the residence, facing Lake Avenue. A small brown wooden fence borders Lake Avenue."

Defendant asserts that "[t]he issuing warrent [*sic*] had the wrong address," as the house searched was "102 5th Ave." The suppression motion did not make this claim.

Kenneth Besk, a Santa Cruz County deputy sheriff, described his role in executing the search warrant at the preliminary hearing and at the hearing on the suppression motion. Besk assisted in the search of 102 Lake Avenue on March 23, 2011, at about 7:00 p.m. No evidence was presented that the residence searched was actually located at 102 Fifth Avenue. At the suppression motion, defendant testified that he was present during the search "at or near" his residence at "*502* Fifth Avenue." (Our emphasis.)

In *People v. Amador* (2000) 24 Cal.4th 387, the California Supreme Court determined that suppression was not required because a search warrant gave the wrong street number for a residence and the wrong number of stories in the residence. "Complete precision in describing the place to be searched is not required. . . . When the warrant contains an inaccurate description, '[t]he test for determining the sufficiency of the description of the place to be searched is whether the place to be searched is described with sufficient particularity as to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that

another premise[s] might be mistakenly searched.'" (*Id.* at pp. 392-393.) There has been no claim that it was not defendant's residence that was searched.

**2. THE SEARCH OF A DETACHED SHED**

Defendant points out that the warrant did not specifically authorize searching a "locked detached shed" at the top of the driveway. The suppression motion asserted that "the shed was outside the scope of the search warrant." (Capitalization omitted.)

At the suppression hearing, Officer Beck testified that a detached shed was about four feet away from the main residence. A photograph showed the proximity of the structures. Beck opened the padlock on the shed with a key from defendant's keychain. Beck located a functioning digital scale in a backpack in the shed. At the preliminary examination, Beck recalled defendant saying the backpack belonged to someone else. Defendant did not similarly disclaim ownership of the 29.2 grams of methamphetamine later found concealed in his underwear.

At the suppression hearing, the prosecution argued that "the shed is clearly on the curtilage of this property." The trial court concluded, "I don't believe that this is an out building that was so far away that it is such that wouldn't be covered in the search warrant."

The trial court's conclusion is supported by authority. In an opinion relied on by the prosecution, the Ninth Circuit Court of Appeals explained that "[a] search warrant for a residence may include all other buildings and other objects within the curtilage of that residence, even if not specifically referenced in the search warrant." (*U.S. v. Cannon* (9th Cir. 2001) 264 F.3d 875, 881.) A warrant authorizing the search of "the premises" is reasonably understood to include " 'the land *and* the buildings thereof,' " including a tool shed. (*U.S. v. Griffin* (7th Cir. 1987) 827 F.2d 1108, 1115.) This court has also recognized this principle. (*People v. Minder* (1996) 46 Cal.App.4th 1784, 1788-1789.)

**3. THE EXISTENCE OF PROBABLE CAUSE**

The main point of the written suppression motion and defendant's letter is that the search warrant was not supported by probable cause. Santa Cruz County Sheriff's Sergeant Steve Carney provided a written statement of probable cause in support of the search warrant. Carney described having training and over eight years' experience in narcotics enforcement. A portion of Carney's affidavit was sealed to conceal the identity of a confidential informant.

During the last week of February 2011, an untested confidential informant told Carney that he had been buying methamphetamine from defendant for over one year, including more than 10 times in the preceding four months, occasionally at defendant's residence. This tip led Carney to conduct surveillance of defendant's residence on Lake Avenue.

On two occasions, March 11, 2011, at around 8:15 p.m., and March 17, 2011, at around 11:42 p.m., Carney observed a woman leaving defendant's residence. After leaving, each woman was stopped for a Vehicle Code violation and arrested for being under the influence of methamphetamine. The first woman left abruptly after observing Carney drive by in a marked patrol car. On her cell phone was a text message to defendant dated March 9, 2011, asking to "'meet for forty.'" In Carney's experience, this was a reference to a methamphetamine purchase. On the cell phone of the second woman was a call to defendant about 14 minutes before her truck parked at his residence. She possessed drug paraphernalia and baggies with methamphetamine residue. Also on March 17, 2011, at about 10:21 p.m., Carney saw the car of a known methamphetamine user parked in defendant's driveway. She left the residence at 10:50 p.m. and Carney observed no grounds to stop her for a Vehicle Code violation. Based on all of this information, Carney believed that defendant was selling methamphetamine out of his residence.

*People v. Scott* (2011) 52 Cal.4th 452, 483 instructs us: "'In reviewing a search conducted pursuant to a warrant, an appellate court inquires "whether the magistrate had a substantial basis for concluding a fair probability existed that a search would uncover wrongdoing." (*People v. Kraft* (2000) 23 Cal.4th 978, 1040, citing *Illinois v. Gates* (1983) 462 U.S. 213, 238-239.) "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him [or her], including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." (*Illinois v. Gates, supra,* 462 U.S. at p. 238.) The magistrate's determination of probable cause is entitled to deferential review. (*People v. Kraft, supra,* 23 Cal.4th at p. 1041, citing *Illinois v. Gates, supra,* 462 U.S. at p. 236.)' ([*People v.* ]*Carrington* [(2009)] 47 Cal.4th [145] at p. 161.) Probable cause sufficient for issuance of a warrant requires a showing in the supporting affidavit that makes it substantially probable that there is specific property lawfully subject to seizure presently located in the particular place for which the warrant is sought. (*Id.* at p. 161; *People v. Frank* (1985) 38 Cal.3d 711, 744.)"

In *Illinois v. Gates*, the United State Supreme Court noted that "when an informant is anonymous and untested, '[i]t is enough, for purposes of assessing probable cause, that "[c]orroboration through other sources of information reduce[s] the chances of a reckless or prevaricating tale," thus providing a "substantial basis for crediting the hearsay."' (*Id., at* pp. 244-245.)" (*People v. Camarella* (1991) 54 Cal.3d 592, 601.)

In *People v. Gotfried* (2003) 107 Cal.App.4th 254, 263-264, this court quoted with approval the following passage from *People v. Johnson* (1990) 220 Cal.App.3d 742, 749. "'Because unverified information from an untested or unreliable informant is ordinarily unreliable, it does not establish probable cause unless it is "corroborated in essential respects by other facts, sources or circumstances." [Citations.] For corroboration to be adequate, it must pertain to the alleged criminal activity; accuracy of information

regarding the suspect generally is insufficient. [Citation.] Courts take a dim view of the significance of "pedestrian facts" such as a suspect's physical description, his residence and his vehicles. [Citation.] However, the corroboration is sufficient if police investigation has uncovered probative indications of criminal activity along the lines suggested by the informant. [Citation.] Even observations of seemingly innocent activity provide sufficient corroboration if the anonymous tip casts the activity in a suspicious light. [Citations.]' "

Defendant accurately points out that "[n]o one was ever arrested with drugs" while either at or leaving his house. Nevertheless, surveillance by Sergeant Carney revealed that, in the space of a week, three individuals paid brief evening visits to defendant's residence, two in the late evening. Two of the individuals were determined to be under the influence of methamphetamine after leaving defendant's residence. The third, who was not stopped, was known to Sergeant Carney to be a methamphetamine user. One had a text message to defendant indicating a desire to purchase methamphetamine.

"Frequent brief visits to a residence by numerous persons is an indication of narcotic traffic." (*People v. Kershaw* (1983) 147 Cal.App.3d 750, 759, and cases there cited; *People v. Mikesell* (1996) 46 Cal.App.4th 1711, 1718.) While the visits in this case were not the most frequent or numerous, it is striking that each of defendant's evening visitors was a methamphetamine user. There was no apparent error by the magistrate in concluding that Carney's surveillance of defendant had yielded sufficient corroboration to demonstrate the veracity of the tip that defendant was selling methamphetamine.

### C. REMAINING ISSUES

Defendant claims without support in the record that he was convicted of a dismissed charge of being under the influence of a controlled substance. The record shows that defendant pleaded no contest to being under the influence as alleged in count 3 in this case, while an unspecified charge in another case was dismissed at his change of plea hearing.

The last issue defendant identifies is the trial court's denial of his requests to replace appointed counsel under *People* v. *Marsden* (1970) 2 Cal.3d 118.  This occurred twice after closed hearings on November 22, 2011, and August 16, 2012, and before defendant changed his plea on September 12, 2012.  A plea of guilty or no contest waives any claim of pre-plea error in denying a defendant's request to replace appointed counsel.  Such a claim of error is not recognized as affecting the legality of the proceedings.  (*People v. Lobaugh* (1987) 188 Cal.App.3d 780, 786; *People v. Lovings* (2004) 118 Cal.App.4th 1305, 1311.)

Our review of the entire record has revealed no arguable issues on appeal.

### IV.  DISPOSITION

The judgment is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Premo, Acting P.J.

Mihara, J.