Filed 11/26/13  P. v. Mejias CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RUBEN ALBERTO MEJIAS,<br><br>    Defendant and Appellant. | H039365<br>(Santa Clara County Super. Ct.<br>Nos. C1066707 and C1094466) |

## I.  INTRODUCTION

After no contest pleas, defendant Ruben Alberto Mejias was convicted of carjacking, forgery, and first degree burglary.  Defendant also admitted having two prior convictions qualifying both as strikes and as serious felonies and a third prior felony conviction for which he served a prison sentence.  Following the granting in part of defendant's motion to dismiss the strike conviction allegations, the trial court sentenced defendant to 33 years in prison.  Defendant filed a notice of appeal with a certificate of probable cause claiming that his plea was not entered knowingly and voluntarily because his attorney failed to inform him of certain defenses.

By letter dated June 19, 2013, this court notified defendant that his appellate counsel filed a brief identifying no arguable issues on appeal and invited defendant to submit any argument on his own behalf.  Defendant responded with a handwritten 11-point list of issues.  For the reasons stated below, we will affirm the judgment.

## II. STANDARD OF REVIEW

We review the entire record to determine whether appointed counsel has correctly determined that there are no arguable appellate issues. (*People v. Wende* (1979) 25 Cal.3d 436, 441.) In performing our review, we are required to give a brief description of the facts, the procedural history, the crimes of which the defendant was convicted, and the punishment imposed, and to address any contentions personally raised by the defendant. (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

## III. FACTUAL AND PROCEDURAL SUMMARY

Defendant was charged by a first amended complaint in docket No. C1066707 with carjacking (Pen. Code, § 215)[1], selling or aiding in selling stolen property (§ 496, subd. (a)), and forgery (§ 470, subd. (a)), all felony offenses occurring on or about January 15, 2010. The complaint alleged two prior convictions qualifying both as strikes and as serious felonies (§§ 667, subds. (b)-(i); 1170.12; 667, subd. (a)) and a third prior felony conviction for which defendant served a prison sentence (§ 667.5, subd. (b)). At the request of defendant's attorney, in March 2010 the trial court ordered a psychiatric evaluation to assess defendant's mental capacity and competency. Based on the court-ordered evaluation, the court found defendant not competent to stand trial and, in August 2010, committed defendant to the State Department of Mental Health for evaluation and treatment to restore competency. Based on a December 2011 Department of Mental Health psychiatric report containing a bipolar disorder diagnosis and a treatment plan involving psychiatric medications, in January 2011 the court found defendant's competency to have been restored and reinstated criminal proceedings.

After the trial court denied defendant's February 2011 motion to relieve counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, defendant was held to answer on the

---

[1] Unspecified section references are to the Penal Code.

carjacking and forgery offenses[2] in docket No. C1066707. On April 15, 2011, defendant pleaded no contest to the carjacking and forgery changes and admitted the prior convictions alleged in docket No. C1066707. Defendant also pleaded no contest to residential burglary[3] in docket No. C1094466, and admitted the same prior felony convictions in that case as alleged in docket No. C1066707.

In September 2011, defendant moved in both cases to strike prior felony convictions pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. Before the hearing on the *Romero* motion, through conflict counsel defendant filed a motion to withdraw his plea based on ineffective assistance of counsel. Defendant filed a declaration with his reply to the motion to withdraw his plea stating that he was not informed by his attorney of mental health defenses in the burglary case or the significant factual discrepancies in the carjacking case between the victim's written statement to the police and his testimony at the preliminary hearing. In his declaration defendant waived the attorney-client privilege as to his mental health defense but not his other defenses. At the time set to hear the motion to withdraw his plea, defendant made an oral motion that his conflict counsel be relieved pursuant to *Marsden*, *supra*, 2 Cal.3d 118. The court denied the *Marsden* motion and a week later denied defendant's motion to withdraw his plea.

---

[2] The victim testified at the preliminary hearing that he left his car unoccupied with the engine running on January 15, 2010 at about 7:15 a.m. when he ran to his apartment for his cell phone. While attempting to get back into his car, defendant pushed the victim out of the way, entered the car and drove away. After police located his car, the victim found a handwritten bill of sale in the car with his signature forged. According to the probation report, defendant admitted to drafting the document. He planned to sell the car for $400.

[3] According to the probation report, on June 22, 2009 defendant entered the victim's apartment through an open window. When the victim returned home, defendant was in her bedroom and fled through a window. The victim's roommate reported his Bulova watch and a fraternity pin missing.

In January 2013 the court granted defendant's *Romero* motion in part, striking one of defendant's two prior strike convictions. The court found that defendant "was not receiving sufficient treatment for his mental [bipolar] illness at the time he committed the strike priors, and . . . that mental illness was a significant contributor to the commission of those offenses." The court noted further: "Those strike priors occurred over a short period of time . . . the defendant did not engage in actual violence, despite the fact . . . on one occasion there was an individual present in a different room of the house. And . . . both strikes were sentenced together."

Defendant was sentenced to a prison term of 29 years and 4 months in docket No. C1066707 and a consecutive 44-month term in docket No. C1094466, for a total prison term of 33 years. He filed a timely notice of appeal in both cases with an order granting his request for a certificate of probable cause. His probable cause request asserts that his plea was not made knowingly and intelligently because his attorney did not advise him of mental state defenses.

## IV. DEFENDANT'S ARGUMENTS

### A. CERTIFICATE OF PROBABLE CAUSE

Defendant identifies five issues which we consider encompassed by the trial court's certificate of probable cause: (1) Defendant was not informed of his mental state defenses, (2) defendant received ineffective assistance of counsel, (3) defendant was unable to withdraw his plea, (4) defendant was coerced into pleading no contest and filing a *Romero* motion, and (5) defendant should have gone to trial. On this record we find no merit to defendant's claims.

At his change of plea hearing, the trial judge asked defendant to listen very carefully to the questions he was going to ask and to interrupt the proceeding if he did not understand something. Defendant responded that he would do so. Defendant answered "yes" when asked whether he was pleading freely and voluntarily and on the advice of his counsel. He also responded "yes" when asked if he understood that he was giving up

his right to either a jury or court trial. After explaining that it is "almost impossible" to take back a plea, the judge asked defendant whether he had enough time to talk with his attorney about all aspects of his case, including possible defenses. Defendant responded "yes." Defendant's attorney also responded "yes" when asked whether he had had enough time to discuss defendant's case with him and whether he was satisfied that defendant was intelligently giving up his rights and pleading no contest. On its face, the hearing transcript shows no coercion, ineffective assistance of counsel, or failure on the part of defendant's counsel to inform defendant of his defenses.

The record also fails to show that the trial court's denial of defendant's motion to withdraw his plea was an abuse of discretion. (*People v. Wharton* (1991) 53 Cal.3d 522, 585; *People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.) Section 1018 allows a trial court to grant a defendant's application to withdraw his or her plea of guilty or no contest "before judgment . . . for a good cause shown." While "[m]istake, ignorance, or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea, . . . good cause must be shown by clear and convincing evidence." (*People v. Cruz* (1974) 12 Cal.3d 562, 566.)

Although defendant asserted in his declaration supporting the motion that his attorney did not inform him "about any possible mental health defenses . . . on the burglary case," he insisted on submitting the motion on his declaration without testifying. After reviewing the moving papers, defendant's declaration, the People's opposition, and the reporter's transcript of the change of plea hearing, the court concluded that defendant failed to meet his burden.

We also note that defendant submitted his motion to withdraw the plea on the papers after unsuccessfully moving to withdraw the motion, that the request to withdraw the motion was denied because defendant had previously withdrawn the motion, and that counsel who represented defendant at his change of plea hearing was present and prepared to testify on behalf of the People. Under these facts, we find no deficiency in

counsel's decision to submit the motion to withdraw the plea on the papers and without testimony. (*People v. Scott* (1997) 15 Cal.4th 1188, 1211 [ineffective assistance of counsel established by showing counsel's representation was both deficient and prejudicial].)

In sum, on this record we find no error in the court's entry of defendant's pleas or in the denial of defendant's motion to withdraw the pleas.

## B. DEFENDANT'S OTHER ARGUMENTS

### 1. Non-Reviewable Issues

Aside from the competency issue addressed below, defendant's remaining claims are not cognizable on appeal because they are neither encompassed by the certificate of probable cause nor otherwise reviewable. These claims are: (1) the carjacking victim lied at the preliminary hearing, (2) the carjacking victim lied about being pushed by defendant, (3) the one-person lineup in the carjacking case was tainted, (4) someone else was driving the stolen car when defendant was arrested in the carjacking case, and (5) "I cannot understand my sentence."

California Rules of Court, rule 8.304(b)(4), has codified precedent authorizing appeals after pleas of guilty and no contest without a certificate in only two situations: when the appeal is based on either "(A) The denial of a motion to suppress evidence under Penal Code section 1538.5; or [¶] (B) Grounds that arose after entry of the plea and do not affect the plea's validity." (Cal. Rules of Court, rule 8.304(b)(4); *People v. Lloyd* (1998) 17 Cal.4th 658, 663-664.) Defendant's remaining claims do not come within either exception. (See *People v. Voit* (2011) 200 Cal.App.4th 1353, 1364 [issues concerning a defendant's guilt or innocence are not cognizable on appeal from a guilty or no contest plea].)

### 2. Competency Challenge

To the extent defendant's final argument -that he is "still" incompetent to stand trial -is a challenge to the lawfulness of proceedings occurring after entry of defendant's

plea, it is reviewable without a certificate of probable cause. (*People v. Oglesby* (2008) 158 Cal.App.4th 818 [certificate of probable cause not needed to challenge court's failure to sua sponte to hold mental competency hearing before sentencing].) The court's duty to conduct a competency hearing arises when substantial evidence of incompetence is presented at any time "prior to judgment." (*People v. Kelly* (1992) 1 Cal.4th 495, 542, citing Pen. Code, § 1368.) When a defendant has been found competent earlier in the criminal proceedings, a trial court need not conduct another competency hearing " 'unless it "is presented with a substantial change of circumstances or with new evidence" casting a serious doubt on the validity of that finding.' [Citations.]" (*Kelly*, *supra*, 1 Cal.4th at pp. 542-543.)

Based on the December 8, 2010 opinion and recommendation of state psychiatrists, in January 2011 the court found that defendant had been restored to competency. The record presented no new evidence of incompetency or evidence of changed circumstances. (*Kelly*, *supra*, 1 Cal.4th at pp. 542-543.) To the contrary, in January 2013, three weeks before defendant was sentenced, the court heard extensive testimony from Dr. Greene, an expert in forensic psychiatry retained by defendant. In support of defendant's *Romero* motion, Dr. Greene, who met with defendant three times in 2011, opined that defendant suffered from bipolar disorder and that he was being properly medicated consistent with his discharge instructions from the state mental hospital a year earlier. And at defendant's sentencing hearing, defendant's attorney indicated that there was no legal cause why sentence should not be imposed. In sum, we find no error in the trial court not making further competency inquiries after defendant entered his no contest pleas.

Our review of the entire record has revealed no arguable issues on appeal.

## V. DISPOSITION

The judgments in docket Nos. C1066707 and C1094466 are affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Manoukian, Acting P.J.

_____

Márquez, J.