Filed 4/14/16  P. v. Page CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LUTHER PAGE,<br><br>    Defendant and Appellant. | F070174<br><br>(Super. Ct. No. BF156003A)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Steven M. Katz, Judge.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Gomes, Acting P.J., Kane, J. and Poochigian, J.

Appellant Luther Page pled no contest to possession for sale of cocaine base (Health & Saf. Code, §11351.5), and admitted allegations that he had two prior convictions within the meaning of the three strikes law (Pen. Code, § 667, subds. (b)‑(i)).[1]

On appeal, Page contends he is entitled to the benefit of a change in the law that reduces the punishment for possession for sale of cocaine base. We conclude that Page's contention is not properly before the court and affirm the judgment.

## FACTS

On June 28, 2014, Page was in possession of cocaine base for sale.

On July 14, 2014, the district attorney filed a complaint charging Page with possession of a designated controlled substance (count 1/Health & Saf. Code, § 11351), possession of cocaine base (count 2/Health & Saf. Code, § 11350, subd. (a)), possession of methamphetamine (count 3/Health & Saf. Code, § 11377, subd. (a)), and having two convictions within the meaning of the three strikes law.

On July 29, 2014, the district attorney amended the complaint to include count 4, which charged Page with possession for sale of cocaine base (Health & Saf. Code, § 11351.5). Page then pled no contest to count 4 and admitted the three strikes allegations in exchange for a stipulated prison term of six years, the mitigated term of three years doubled to six years because of Page's prior strike convictions.

On August 26, 2014, the court sentenced Page to a six-year prison term in accordance with his negotiated plea.

On September 24, 2014, Page filed a timely handwritten appeal that stated:

> "Please take notice that the above named defendant hereby [a]ppeals to the Court of Appeal of the [s]tate of California Fifth Appellate District

---

[1]     Unless otherwise indicated, all further statutory references are to the Penal Code.

2

from the final [j]udgement of [c]onviction in the above cause of action entered on August 26, 2014."

Effective January 1, 2015, the sentencing triad for possession for sale of cocaine base was reduced from three, four and five years to two, three and four years. (Stats. 2014, ch. 749, § 3.)

## DISCUSSION

Page contends that because his conviction is not final, he is entitled to the benefit of the change in the law that reduced the penalties for possession for sale of cocaine base. Respondent contends Page's appeal should be dismissed because it is not authorized by section 1237.5. Alternatively, if the appeal is not dismissed, respondent concedes that Page's sentence should be modified to reflect that he was sentenced to a four-year prison term. We agree with respondent that Page's appeal is not authorized by section 1237.5 and dismiss the appeal.

Section 1237.5 precludes an appeal from the judgment entered after a guilty plea unless the defendant applies for, and the trial court grants the defendant, a certificate of probable cause. The general rule is that without a certificate of probable cause, the issues raised by the defendant are not reviewable. (*People v. Sem* (2014) 229 Cal.App.4th 1176, 1187.) The reason for this rule requiring a certificate of probable cause is to promote judicial economy by refusing to review frivolous guilty plea appeals. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1095 (*Mendez*).)

There are two exceptions to this general rule. A defendant does not need a certificate of probable cause to appeal when the appeal addresses postplea matters not challenging the plea's validity, or when the issue is the lawfulness of a search or seizure that was first contested in the trial court before the defendant entered a plea *and the appeal so states*. (*Mendez*, *supra*, 19 Cal.4th at p. 1096.) This rule is embodied in California Rules of Court, rule 8.304(b)(4), which states, "The defendant need not comply with [the requirement of obtaining a certificate of probable cause] *if the notice of*

3

*appeal states that the appeal is based on*:  [¶]  (A) The denial of a motion to suppress evidence under … section 1538.5; or  [¶]  (B) Grounds that arose after entry of the plea and do not affect the plea's validity."  (Italics added.)

If the defendant complies with California Rules of Court, rule 8.304(b)(4)(2), the appellate court may address noncertificate issues.  "But it must decline to address certificate issues:  the presence of a notice of appeal stating noncertificate grounds does not supply the absence of a statement of certificate grounds and a certificate of probable cause."  (*Mendez*, *supra*, 19 Cal.4th at p. 1099.)

Page did not obtain a certificate of probable cause, and his notice of appeal does not state that it challenges the lawfulness of a search or seizure, or that his appeal is based on "[g]rounds that arose after entry of the plea and do not affect the plea's validity." Page, however, contends that the required statement in California Rules of Court, rule 8.304(b)(4), should be implied because:  (1) his appeal indicates he was appealing from a *final judgment*, which implies the final decision and sentence of the trial court on August 26, 2014; and (2) there is no reference to the entry of plea, the plea agreement, or to any of the events that happened prior to sentencing.  We disagree.

Page's appeal states that it is an appeal from a "*final judgment of conviction*," thus making it abundantly clear he is not appealing only from the sentence.  (Cf. *People v. Lloyd* (1998) 17 Cal.4th 658, 664-665 [appeal notice deemed sufficient where it contained printed phrase "[d]efendant appeals from the judgment," and the word judgment was crossed out and the handwritten word, "sentence," appeared above its place].)  Further, the absence of a reference to the entry of plea, the plea agreement, or to events that happened prior to sentencing, clearly does not substitute for the above-noted language that is required to be in an appeal for the appeal to be operative as to noncertificate issues.  Accordingly, we conclude that Page's appeal is not operative and we dismiss the appeal.

4

## <u>DISPOSITION</u>

The appeal is dismissed.