Filed 6/1/16  P. v. Throop CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>MARTIN THROOP,<br><br>　　　Defendant and Appellant. | A147265<br><br>(Lake County<br>Super. Ct. No. CR940436) |

In this case we review a judgment following a no contest plea.  Appellant's counsel has advised this court the appeal is proceeding pursuant to *People v. Wende* (1979) 25 Cal.3d. 436.  Counsel has advised appellant of his decision and told appellant he can file a supplemental brief to present any claims appellant wishes to argue.  He must do so within 30 days of counsel's notification.  To date we have not received any submission from appellant.  We have reviewed the record independently and find no basis for disturbing the judgment in the case.

**STATEMENT OF THE CASE**

On October 9, 2015, the District Attorney of Lake County filed a complaint alleging appellant committed a felony violation of possession of methamphetamine for sale, a violation of Health and Safety Code section 11378, and a misdemeanor count of simple possession of methamphetamine, a violation of Health and Safety Code section 11377, subdivision (a).

On October 26, 2015, appellant entered a plea of no contest to the felony possession for sale charge in the complaint. He was advised the remainder of the complaint would be dismissed, he would receive a probation sentence of three years, and serve no more than 90 days in the county jail. The trial court found appellant's no contest plea was the result of a knowing and intelligent waiver of his constitutional rights under *Boykin v. Alabama* (1969) 395 U.S. 238, and the appellant understood the consequences of his plea. The parties also stipulated to the factual basis of the plea with the following recitation: "On October 7, 2015, in Lake County, the defendant was contacted and had on his person 15.4 grams of methamphetamine. That is a usable amount. And in the training and experience of . . . Officer Joseph Meyers, that the—that amount was possessed for purposes of sale." The no contest plea of appellant also resulted in the resolution of two other cases.

Appellant was sentenced on November 16, 2015. The court placed him on three years' probation, with a condition he serve 90 days in the county jail, with credit for 81 days. Additional fines and assessments compatible with specific provisions of the Health and Safety Code and the Penal Code were also imposed. Appellant submitted a request for a certificate of probable cause, claiming he entered his plea because he was under "emotional pressure and stress" due to the recent death of his mother. This request was denied by the trial court.

Appellant filed his notice of appeal on December 1, 2015.

## DISCUSSION

We have reviewed the record of the trial court proceedings. Appellant's request for a certificate of probable cause was denied by the trial court. This denial by the trial court significantly impacts any review of the plea process itself. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094–1095; *People v. Lloyd* (1998) 17 Cal.4th 658, 663.) We have reviewed this record on the merits and find no irregularities in the trial court. We have also reviewed the sentencing process and find no basis for upsetting the sentence

imposed in this case. Appellant got what he bargained for in this matter. At all times, appellant appears to have been properly represented by counsel.

## DISPOSITION

We affirm the judgment in this case.

_____
DONDERO, J.

We concur:


_____
MARGULIES, Acting P. J.


_____
BANKE, J.


A147265

4