Filed 12/19/13  P. v. Heirendt CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL VICTOR HEIRENDT,<br><br>    Defendant and Appellant. | G048439<br><br>(Super. Ct. No. 13NF0595)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Appeal dismissed.

Patrick E. DuNah, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Michael Victor Heirendt pled guilty to possession of a controlled substance (Health & Saf. Code, § 11350) pursuant to a negotiated disposition. As agreed in the guilty plea form, he was placed on three years formal probation with credit for time served of 62 days. He was also ordered to pay a $280 restitution fine (Pen. Code, § 1202.4, subd. (b)(1)), and a $280 probation revocation restitution fine (Pen. Code, § 1202.44) which was stayed pending successful completion of probation.

Heirendt filed two timely notices of appeal and an amended notice of appeal, and he sought but did not obtain a certificate of probable cause as required by Penal Code section 1237.5.

After Heirendt appealed we appointed counsel to represent him. Counsel filed a brief which set forth the facts and the disposition of the case. He did not argue against Heirendt, but advised he had not found any issues to argue on Heirendt's behalf. (*People v. Wende* (1979) 25 Cal.3d 436.) He suggested two issues to assist us in our independent review of the record, as set out below. Heirendt was given 30 days to file written argument in his own behalf. That period has passed and we have received no communication from him. We have examined the entire record to determine if any arguable issues are present, including those suggested by counsel and found none. (*Id*. at pp. 441-442; *People v. Johnson* (1981) 123 Cal.App.3d 106, 111-112.)

**FACTS**

Paragraph 29 of the guilty plea form signed by Heirendt states: "In Orange County, California, on February 15, 2013 I knowingly and unlawfully possessed a useable amount of hydrocodone pills without a prescription." Paragraph 15 of the guilty plea form states: "I understand I have the right to appeal from decisions and orders of the Superior Court. I waive and give up my right to appeal from any and all decisions and orders . . . . I waive and give up my right to appeal from my guilty plea. I waive and give up my right to appeal from any legally authorized sentence the court imposes which is within the terms and limits of this plea agreement."

2

**DISCUSSION**

*1. Constitutionality of Plea*

          Appellate counsel first suggests we consider whether Heirendt's plea in exchange for probation is constitutionally valid. But, as we noted above, Heirendt did not obtain the certificate of probable cause required by Penal Code section 1237.5 which governs a defendant's right to appeal "from a judgment of conviction upon a plea of guilty or nolo contendere." It specifies that, "[n]o appeal shall be taken" unless, "[t]he defendant has filed with the trial court a written statement . . . showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings," and "[t]he trial court has executed and filed a certificate of probable cause for such appeal . . . ." (Pen. Code, § 1237.5, subds. (a), (b); see also Cal. Rules of Court, rule 8.304(b).)

          The scope of Penal Code section 1237.5 is a recurrent issue. The Supreme Court has addressed the issue with some regularity (see *People v. Mendez* (1999) 19 Cal.4th 1084; *People v. Lloyd* (1998) 17 Cal.4th 658; *People v. Panizzon* (1996) 13 Cal.4th 68), as have the Courts of Appeal (*People v. Young* (2000) 77 Cal.App.4th 827; *People v. Cole* (2001) 88 Cal.App.4th 850). Various courts have taken different approaches in making the ultimate decision to dismiss the appeal or allow the defendant to proceed with an appeal after a guilty plea.

          However, the Supreme Court has articulated a test to be applied in such instances: "In *Panizzon*, we recognized that, even if it purportedly challenges the sentence only, a defendant's appeal from a judgment of conviction entered on a plea of guilty or nolo contendere must be dismissed in the absence of a statement of grounds by the defendant and a certificate of probable cause by the trial court if, *in substance*, it challenges the validity of the plea. [Citation.] It does so if the sentence was part of a plea bargain. [Citation.] It does not if it was not [citation] — especially so if the claim or claims in question were 'reserved as part of the plea agreement' [citation]." (*People v. Lloyd*, *supra*, 17 Cal.4th at p. 665.)

There is no question that in substance Heirendt challenges the validity of the guilty plea. "Further, even if it is assumed that defendant's claim does not challenge the validity of the plea, the claim still is not reviewable on appeal because the terms of the plea bargain preclude any appeal of the negotiated sentence." (*People v. Panizzon, supra*, 13 Cal.4th at p. 89.) Therefore, the appeal must be dismissed

*2. Waiver of Hearing Regarding Public Defender Fees*

Appellate counsel next suggests the separate "Waiver of Hearing Regarding Public Defender or Court Appointed Counsel Fees and Court Order" signed by Heirendt at the time of his guilty plea may not be valid. The form states, in relevant part: "In any case in which a defendant is provided an attorney . . . , the Court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost of that legal representation. . . . [¶] WAIVER AND CONSENT TO ORDER [¶] I understand the above and waive my right to a Court hearing. I further understand and agree that the Court may enter a judgment against me for . . . ___ $200.00 felony."

Appellate counsel notes that while the space next to the $200 figure is checked, the box in the far left margin adjacent to Heirendt's signature on the form is not. We find the failure to check that box on the form does not render the waiver invalid. The form is, after all signed by Heirendt immediately below the $200 figure. Furthermore, the minutes of the guilty plea hearing state "Waiver of Hearing regarding Public Defender or Court Appointed Attorney fees and court order signed and filed." Finally, the transcript of the guilty plea hearing reflects a colloquy between the court and defense counsel concerning the waiver and imposition of the public defender and booking fees, all of which occurred in the presence of Heirendt. Under these circumstances we conclude the waiver in question is valid.

## DISPOSITION

For the reasons stated above we conclude the appeal must be dismissed.


THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


RYLAARSDAM, J.