[No. B193724. Second Dist., Div. Five. Jan. 30, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
BRIAN McEWAN, Defendant and Appellant.

174

**COUNSEL**

Sharon Fleming, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Mary Jo Graves, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Susan D. Martynec and Elaine F. Tumonis, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KRIEGLER, J.**—An appeal following a guilty or no contest plea which challenges the validity of the plea is not operative unless the defendant obtains a certificate of probable cause pursuant to Penal Code section 1237.5.[1] Defendant and appellant Brian McEwan filed a notice of appeal purporting to challenge the validity of his plea of no contest to two counts of resisting an executive officer in violation of section 69, but his request for a certificate of probable cause was denied. Defendant seeks to avoid dismissal under section 1237.5 by filing an application urging this court to construe or amend the notice of appeal to include a noncertificate ground—in this case, that the appeal is based on matters occurring after the plea. The application to amend or construe the notice of appeal to include a noncertificate ground is denied, as defendant has not established good cause to support the application. The appeal is dismissed due to the lack of a certificate of probable cause.

### PROCEDURAL HISTORY

Following defendant's plea of no contest, sentence was imposed in accordance with an agreed-upon case disposition. Defendant was sentenced to

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

three years in state prison, execution of sentence was suspended, and defendant was placed on three years of formal probation with a waiver of his custody credits. Defendant signed and filed a notice of appeal on Judicial Council approved form CR-120 (new July 1, 1999). A check mark was placed in a box on the notice of appeal indicating the appeal was from a guilty or no contest plea, and another check was placed in the box stating "[t]his appeal challenges the validity of the plea or admission." Two other boxes on the approved form—one indicating the appeal was based on the sentence or other matters occurring after the plea, and a second that the appeal was based on a denial of a motion to suppress evidence under section 1538.5—were left unchecked. Defendant's request for issuance of a certificate of probable cause asserted that excessive force was used at the time of his arrest, he was cut and bruised by baton strikes during the arrest, and there were witnesses to his injuries. The trial court denied the request for issuance of a certificate of probable cause.

Counsel was appointed to represent defendant on appeal. Counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071] on November 27, 2006, requesting this court to independently review the record on appeal to determine the existence of any arguable issues. On December 6, 2006, this court issued an order to show cause regarding dismissal of the appeal since defendant's appeal following a no contest plea was not supported by a certificate of probable cause.

Counsel for defendant filed a letter brief in response to the order to show cause, arguing the notice of appeal was filed by defendant in propria persona and should be liberally construed to include an appeal based on the sentence, which does not require a certificate of probable cause. The Attorney General also filed a letter brief, arguing the absence of a certificate of probable cause was a fatal defect requiring dismissal of the appeal.

Before a ruling was made on the order to show cause, defendant's counsel filed an "Application to Amend or Construe Notice of Appeal." The application requests to either amend or construe the notice of appeal to include the following language: " 'This appeal is from a plea of guilty or nolo contendere, and is also based upon grounds occurring after entry of the plea which do not challenge its validity.' " The application was supported by a memorandum of points and authorities, which argued that although defendant appeared to challenge the validity of his plea, "there is no reason to believe that [defendant] desired to *limit* his appeal to such a challenge, and to preclude

this court from considering any potentially meritorious post-conviction issues." The application was not supported by declarations or other evidence.

## DISCUSSION

We first address the adequacy of the notice of appeal filed by defendant and the impact of the absence of a certificate of probable cause. Second, we turn to defendant's motion to construe or amend the notice of appeal to include noncertificate issues.

### A. *The Requirement of a Certificate of Probable Cause*

■ The right to appeal following a guilty or no contest plea is controlled by section 1237.5.[2] On its face, section 1237.5 precludes an appeal unless the defendant files a written statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" and the trial court issues a certificate of probable cause. " 'Despite this broad language, we have held that two types of issues may be raised on appeal following a guilty or nolo plea without the need for a certificate: issues relating to the validity of a search and seizure, for which an appeal is provided under [Penal Code] section 1538.5, subdivision (m), and issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed.' (*People v. Buttram* (2003) 30 Cal.4th 773, 780 [134 Cal.Rptr.2d 571, 69 P.3d 420].)" (*People v. Shelton* (2006) 37 Cal.4th 759, 766 [37 Cal.Rptr.3d 354, 125 P.3d 290].)

■ "The statutory requirement and its exceptions are embodied in rule 30(b)(4) [now rule 8.304(b)] of the California Rules of Court, which provides that on appeal in a criminal case from a superior court judgment after a plea of guilty or nolo contendere, a defendant must apply for and obtain a certificate of probable cause as required by Penal Code section 1237.5 unless 'the notice of appeal states that the appeal is based on: [¶] (A) the denial

---

[2] Section 1237.5 provides as follows: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

of a motion to suppress evidence under Penal Code section 1538.5, or [¶] (B) grounds that arose after entry of the plea and do not affect the plea's validity.' " (*People v. Shelton, supra,* 37 Cal.4th at p. 766.)

■ "It has long been established that issues going to the validity of a plea require compliance with section 1237.5. (*People v. Ward* (1967) 66 Cal.2d 571, 574 [58 Cal.Rptr. 313, 426 P.2d 881] (*Ward*).) Thus, for example, a certificate must be obtained when a defendant claims that a plea was induced by misrepresentations of a fundamental nature (*People v. DeVaughn* (1977) 18 Cal.3d 889, 896 [135 Cal.Rptr. 786, 558 P.2d 872]) or that the plea was entered at a time when the defendant was mentally incompetent (*People v. Laudermilk* (1967) 67 Cal.2d 272, 282 [61 Cal.Rptr. 644, 431 P.2d 228]). Similarly, a certificate is required when a defendant claims that warnings regarding the effect of a guilty plea on the right to appeal were inadequate. (*People v. Kaanehe* (1977) 19 Cal.3d 1, 8 [136 Cal.Rptr. 409, 559 P.2d 1028].)" (*People v. Panizzon* (1996) 13 Cal.4th 68, 76 [51 Cal.Rptr.2d 851, 913 P.2d 1061].)

■ Had defendant expressed an intent to challenge his sentence, or another matter occurring after judgment, his notice of appeal might arguably have been operative under the reasoning in *People v. Lloyd* (1998) 17 Cal.4th 658, 665–666 [72 Cal.Rptr.2d 224, 951 P.2d 1191] (the defendant's notice of appeal was operative where the defendant unambiguously implied the intent to challenge his sentence under the three strikes law without challenging the validity of his plea). Unlike the situation in *Lloyd*, there is nothing in the record on appeal to remotely suggest that defendant intended to challenge the sentence on appeal. The notice of appeal itself raised no issue as to the validity of his plea or the propriety of the sentence imposed. In his request for a certificate of probable cause, defendant complained of police conduct at the time of his arrest without mentioning any challenge to the sentence imposed. Given this record, there is no merit to defendant's request to liberally construe the notice of appeal to include noncertificate issues. Unless defendant's application to amend or construe the notice of appeal is meritorious, the appeal must be dismissed.

B. *The Application to Amend or Construe the Notice of Appeal*

As noted above, defendant has filed an application to amend or construe his notice of appeal to include noncertificate grounds arising after entry of the plea which do not challenge the plea's validity. Defendant argues there is no

reason to believe defendant desired to limit his appeal to a challenge to the validity of his plea, to the exclusion of issues arising after the plea. As we explain, there is no good cause for granting defendant's application.

The straightforward answer to defendant's contention is that there is nothing in the appellate record to support a finding that defendant intended to appeal matters occurring after the plea. The notice of appeal does not support this hidden intent, as the only ground for appeal specified was a challenge to the validity of the plea. The request for a certificate of probable cause makes no reference to defendant intending to challenge any matter occurring after the plea. To the contrary, the request for a certificate of probable cause complains only of matters alleged to have occurred at the time of arrest, well before the plea. The appellate record gives no hint of an intent to appeal anything but the validity of the plea, which requires a certificate of probable cause.

Defendant's application to this court could have included proof of his intent to appeal on noncertificate grounds based upon matters outside the record, but it failed to do so. Rule 8.54(a)(2) of the California Rules of Court provides that a "motion must be accompanied by a memorandum and, if it is based on matters outside the record, by declarations or other supporting evidence." As indicated earlier, the application was not supported by a declaration from defendant, trial counsel, or counsel for defendant on appeal. Under these circumstances, the application must be denied and the appeal dismissed.

Acceptance of defendant's position would undermine the intent of section 1237.5. "The purpose for requiring a certificate of probable cause is to discourage and weed out frivolous or vexatious appeals challenging convictions following guilty and nolo contendere pleas. [Citations.] The objective is to promote judicial economy 'by screening out wholly frivolous guilty [and nolo contendere] plea appeals before time and money is spent preparing the record and the briefs for consideration by the reviewing court.' [Citations.]" (*People v. Panizzon, supra,* 13 Cal.4th at pp. 75–76.) Defendant's application essentially asks this court to proceed with an independent review of the record for arguable issues in a case involving a no contest plea, no certificate of probable cause, and no identifiable noncertificate issues. Defendant's sole complaint is with the way he was treated at the time of arrest, an issue that does not go to the validity of his plea.

## DISPOSITION

The application to amend or construe the notice of appeal is denied. The appeal is dismissed.

Turner, P. J., and Mosk, J., concurred.