Filed 10/21/14  P. v. Lorenzo CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>ORLY ABAD LORENZO,<br><br>      Defendant and Appellant. | A141520<br><br>(Alameda County<br>Super. Ct. No. CH53029) |

## INTRODUCTION

Defendant Lorenzo agreed to a negotiated no contest plea obligating him to serve one year in the county jail and 10 years in state prison for sexually molesting three 12-year-old girls.  He now claims the trial court committed errors in imposing the sentence.  We find his challenge improper for two reasons: First, the challenge was not properly preserved for appeal because the trial court refused to make a finding of probable cause.  Second, the sentence defendant received was fully consistent with the plea agreement reflected in the court proceedings below.  Therefore, we will affirm this negotiated disposition of the case.

## STATEMENT OF THE CASE

On November 28, 2012, an information was filed in Alameda Superior Court charging defendant with nine counts of lewd and lascivious conduct with a child under the age of 14, in violation of Penal Code[1] section 288, subdivision (a).  The charges were

---

[1] All references are to the Penal Code unless otherwise stated.

1

based on defendant's sexual misconduct with three of his daughter's girlfriends between the period of April 2008 and September 2011. The information also alleged the crimes were (1) serious felonies pursuant to section 1192.7, subdivision (c), (2) involved multiple victims for purposes of section 1203.066, subdivision (a)(7), and (3) required lifetime sex-offender registration under section 290.

Defendant entered a negotiated no contest plea to Count One (Jane Doe 1), Count Six (Jane Doe 2), and Count Seven (Jane Doe 3) on November 12, 2013. The crime in Count Six was reduced by the prosecutor to a misdemeanor offense: a violation of section 647.6 (annoying or molesting a child under 18 years of age). The parties agreed the full period of incarceration for defendant would be 11 years of custody. This calculation was based on an eight-year prison term for Count One, a consecutive two-year prison term for Count Seven, and a consecutive one-year county jail sentence for the misdemeanor now alleged in Count Six. The trial court advised defendant he would receive custody credits for time served to satisfy his county jail term, and the remainder of his custody credits would apply to the 10-year prison term. Defendant was also advised he would be obligated to serve 85 percent of his prison term. Importantly, defendant agreed to these terms and also agreed to waive his appellate rights, to pay fines and fees ranging from $200 to $10,000, and pay any victim restitution.[2] The parties also stipulated to a factual basis for the pleas as contained in the preliminary hearing transcript. The trial court granted the prosecutor's motion to dismiss the remaining counts and allegations.

The sentencing hearing was held on January 10, 2014. Defendant was sentenced consistent with the plea. He received the upper term of eight years on Count One, a

---

[2] In the court's discussion on waiver of appellate rights, the judge told defendant: "When we reach an agreement short of trial and the People agree to do that, then what you agree to is that you can't appeal unless I don't give you the sentence that we are talking about today. . . . [¶] So, if I do something different than what you think I am doing or what we have agreed to do here on the record today, then you're entitled to appeal, but other than that, there's no appeal." Defendant acknowledged he understood.

consecutive two-year term on Count Seven (one-third of the midterm), and one year in county jail on Count Six. According to the probation report, defendant had served 436 days in county jail. The court applied 310 of those days to satisfy the county jail sentence on Count 6. Also, 145 days of credits (126 time-served credits and 19 good-time credits) were applied to his prison term.

On January 17, 2014, the court considered further conditions to the sentence of defendant dealing with registration and stay-away orders from the victims.

Defendant filed a notice of appeal and a request for a certificate of probable cause with the trial court on March 7, 2014. He complained his trial attorney did not suggest trial strategy or defenses to the charges. He also alleged the police violated his *Miranda* rights when he was arrested. Defendant's application in no way challenged the particular sentence he received or any matter arising after the submission of the no contest plea.

## DISCUSSION

The notice of appeal in this case is presented on a standard form offering four options for an appeal after a guilty or no contest plea. The first option states: "This appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea." Defendant did not check this option. Instead, he selected the fourth option, which states: "Other basis for this appeal." He added: "This appeal is after a plea." Defendant further stated his challenge on another form titled, "Request for Certificate of Probable Cause."

Any right to appeal from a no contest plea is governed by section 1237.5. (*People v. McEwan* (2007) 147 Cal.App.4th 173, 177.) That section precludes an appeal unless: (1) the defendant has filed a written statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings;" and (2) the trial court has issued a certificate of probable cause. (§ 1237.5; *People v. McEwan*, *supra*, 147 Cal.App.4th at p. 177.) There are two instances when an appeal is appropriate after a no contest plea: when a defendant raises issues (1) concerning search and seizure, or

3

(2) focusing on proceedings after the plea concerning the degree of the crime or penalty imposed. (*People v. McEwan*, *supra*, 147 Cal.App.4th at p. 177, citing *People v. Buttram* (2003) 30 Cal.4th 773, 780; see also Cal. Rules of Court, rule 8.304(b) [a defendant who pleads guilty and does not obtain a certificate of probable cause may not appeal unless his notice of appeal states he is challenging his sentence or other matters that arose after entry of the plea and do not affect the validity of the plea].) We find, after considering these authorities, defendant's decision not to allege sentencing error in his notice of appeal prevents him from claiming such error in this appeal.

The object of this approach is to promote judicial economy " 'by screening out wholly frivolous guilty [and no contest] plea appeals' " before considerable time and money is spent preparing the record and briefs for analysis by a reviewing court. (*People v. Panizzon* (1996) 13 Cal.4th 68, 75-76.) These rules are to be applied strictly. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098.) As one court noted, "The request for a certificate of probable cause makes no reference to defendant intending to challenge any matter occurring after the plea. To the contrary, the request for a certificate of probable cause complains only of matters alleged to have occurred at the time of arrest, well before the plea. The appellate record gives no hint of an intent to appeal anything but the validity of the plea, which requires a certificate of probable cause." (*People v. McEwan, supra,* 147 Cal.App.4th at p. 179.)

Based on these authorities, we could simply decline to review defendant's challenge to the particular sentence in this matter. However, we further find there is simply no basis for relief from the sentence imposed in this case. Rather, it was clearly the result of a fair and fully disclosed plea agreement. While defendant contends he should have received a total sentence of 10 years in custody, it is clear from the record he was to serve one year in county jail with credits for his misdemeanor conviction in Count Six and an additional 10 years in state prison for his no contest pleas to Counts One and Seven.

4

Here, defendant's sentence complied with the stated terms of the plea agreement. His current reading of the record simply conflicts with the express terms detailed in the record of the plea. The plea bargain required defendant to serve a total term of incarceration of 11 years, comprising one year in the county jail and 10 years in state prison. The agreement indicated 310 days of his pretrial custody credits would be applied to his county jail term and the remaining credits would apply to his prison term. This is the proper conclusion based on the transcript of plea discussions on the record. The prosecutor stated: "We were talking about Counts One, Six and Seven, and amend . . . 647.6 as a misdemeanor." The court then replied: "So, on 11 years, you have to do 85 percent as I understand on these particular felonies; is that right?" The prosecutor *and defense counsel* each replied: "Yes."

Later in the proceedings, the court addressed defendant on the record. The court stated, "And as I understand it, if you were to settle your case and plead guilty or no contest to Count One and to Count Seven, the punishment for those two would be ten years served at 85 percent in the state prison. You'd also plead guilty or no contest to Count Six, a lesser of Count Six, which is Penal Code Section 647.6. . . . [¶] . . . [¶] . . . And on that offense you'd get the time you've served here. I'd sentence you to a year here. You'd get a year in the county jail and the balance of your credits would go towards the felony offenses. [¶] Do you understand that?" Defendant replied: "Yes, I do, your Honor." The court then stated, "So your *prison* sentence would be 10 years in state prison. You'd have to do 85 percent; do you understand that?" (Italics added.) Defendant responded: "Yes, your Honor."

The actual sentencing took place on January 10, 2014. The court imposed the 10-year state prison sentence in the manner discussed above along with the one-year county jail sentence with full credits given, essentially a credit for time served satisfying the county jail sentence. No objection or challenge was articulated by defendant or his counsel at the time.

Later on, defendant requested a certificate of probable cause to appeal the sentence. In denying this request, the court stated: "The agreed upon punishment was 10 years prison on the felonies, and a year in the county jail on the misdemeanor, credits applied first to the misdemeanor, then to the felonies. Part of the plea agreement was that the defendant would waive appeal. . . . [¶] At sentencing on January 10, 2014, Defendant apologized to the victims for his conduct and asked for their forgiveness. He was sentenced according to his plea agreement."

In sum, defendant got the bargain he agreed to. He cannot successfully contend he should have his county jail time apply fully to his 10-year prison sentence; that is not what he agreed to. The plea bargaining process in this case was fair and defendant was competently represented by counsel. We see no basis to disturb this sentence.

## DISPOSITION

The judgment is affirmed.

_____
Dondero, J.

We concur:

_____
Humes, P.J.

_____
Banke, J.

6