Filed: 1/29/15  P. v. Serrato CA2/5
## **NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B256341 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA127140 ) |
| v. | |
| JAMISON SERRATO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Peter Paul Espinoza, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant, Jamison Serrato, appeals after he pled no contest to a single identity theft count. (Pen. Code, § 530, subd. (c)(5).) He admitted he had previously been convicted of a serious felony. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12.) The evidence indicated defendant, a gang member, was stopped by sheriff's deputies while he was subject to a probation check. He dropped a knife when confronted by the deputies. Inside his wallet were driver's licenses with defendant's picture but other persons' names. In his residence was extensive evidence of identity theft-related conduct. An ensuing investigation disclosed defendant secured two online credit accounts using the name Ryan Tellez and purchases were attempted or completed at various stores. As part of a plea bargain, five counts were dismissed along with four Penal Code section 667.5, subdivision (b) prior prison term allegations. Defendant was sentenced to state prison for 16 months with appropriate credit for time served and imposition of mandatory fines and assessments.

We appointed counsel to represent defendant on this appeal. After examining the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised. Instead, appointed appellate counsel requested that this court independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441-442. (See *Smith v. Robbins* (2000) 528 U.S. 259, 278-284.) On September 10, 2014, we advised defendant that he had 30 days within which to personally submit any contentions or arguments he wished us to consider.

On September 18, 2014, defendant filed a letter brief raising several issues. First, defendant contends the trial court agreed to impose a 16-month sentence consecutive to defendant's existing case No. VA112654. That is precisely the sentence the trial court imposed. According to defendant, he was "paroled on that case prior to being sentenced on the present case," but that is a matter of no legal consequence. Second, defendant takes issue with a statement in the *Wende* brief filed in this case. Appointed appellate counsel there stated; "A 1996 conviction for assault and a 1999 conviction for robbery were alleged as prior 'strikes.'" Defendant claims the 1999 conviction was for "grand theft personal property," not robbery; moreover, grand theft personal property is not a

serious felony.  But appointed appellate counsel is correct.  The information alleges defendant was convicted of violating Penal Code section 211, robbery, in 1999 in case No. VA056377.  In any event, defendant did not admit the prior conviction allegation in case No. VA056377 was true.  Instead, he admitted he was previously convicted in case No. VA112747 of violating Penal Code section 245, subdivision (a)(2), firearm assault, on February 7, 1996.  (Stats. 1993, ch. 369, § 1.)  Firearm assault is a serious felony.  (§ 1192.7, subd. (c)(31).)  The conviction in case No. VA112747 was not, as defendant claims, "stricken" in this matter.

Finally, defendant claims he was coerced into accepting a concurrent sentence, which in fact was a consecutive term.  Defendant did not obtain a probable cause certificate.  (§ 1237.5.)  As a result, he cannot raise issues going to the validity of his plea.  (*People v. Panizzon* (1996) 13 Cal.4th 68, 76; *People v. Ward* (1967) 66 Cal.2d 571, 574; *People v. McEwan* (2007) 147 Cal.App.4th 173, 178.)  In any event, the record belies defendant's claim he acted under distress and with misapprehension concerning the terms of his plea agreement.  On the record in the trial court, defendant was asked: "Your attorney informs me that you wish to plead guilty in exchange for one-third the mid term doubled, which is 16 months in state prison, *consecutive* with the case in which you are . . .  [¶]  . . .  [¶]  . . .  serving five years on.  [¶]  Is that your understanding of the agreement?"  (Italics added.)  Defendant responded, "That's my understanding." Defendant was subsequently asked whether he had any questions before entering his plea. Defendant said, "None at all."  We have examined the entire record and are satisfied appointed appellate counsel has fully complied with his responsibilities.

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.

GOODMAN, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.