Filed 12/11/15  P. v. Ibarra CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DIEGO IBARRA,<br><br>    Defendant and Appellant. | H041265<br>(Monterey County<br> Super. Ct. Nos. SS132484A,<br> SS140418A) |

In December 2013, defendant Diego Ibarra entered into a plea agreement under which he pleaded no contest to violating former Health and Safety Code section 11379, subdivision (a) (transportation of a controlled substance).[1]  His plea agreement specified that his offense was "for personal use" and entitled him to receive Proposition 36 probation.  He entered his plea and was placed on Proposition 36 probation in December 2013.  In January 2014, he inflicted corporal injury on his girlfriend (Pen. Code, § 273.5) and falsely imprisoned her (Pen. Code, § 236).  He was found in violation of his Proposition 36 probation, which was revoked and terminated, and he pleaded no contest to the corporal injury and false imprisonment counts.  Defendant was granted probation in both cases.  He filed a timely notice of appeal, but he did not request or obtain a

---

[1]    Subsequent statutory references are to the Health and Safety Code unless otherwise specified.

certificate of probable cause. His sole contention on appeal is that his December 2013 plea was invalidated by the January 2014 amendment of section 11379 to require that the transportation be "for sale." Since defendant lacks a certificate of probable cause and is attacking the validity of his plea, we conclude that he may not obtain appellate review of this contention.

## I. Background

On December 7, 2013, defendant was the passenger in a vehicle stopped for an equipment violation. Defendant got out of the vehicle, and two bindles of methamphetamine were found on the passenger seat where he had been sitting. The driver was then asked to exit the vehicle. Defendant "became very nervous and tried to hide some items he had on him, inside the vehicle," and he told the driver that he was "going to run." A search of the vehicle turned up a baggie of methamphetamine near an opening in the passenger side door panel and two more bindles of methamphetamine between the center console and the passenger seat. Defendant initially claimed that the methamphetamine was not his but had been in a sweater he had borrowed. He subsequently admitted that the bindles "were his," but he claimed that only one of them was for his use while the others were for him to give to a man who was going to sell them at a party. The baggie and the four bindles contained methamphetamine with a total weight of 2.9 grams.

On December 9, 2013, defendant was charged by felony complaint with one count of violating former section 11379, subdivision (a). On December 16, 2013, defendant entered into a plea agreement under which he agreed to plead no contest to a violation of former section 11379 "for personal use" in exchange for Proposition 36 probation. He immediately waived his rights, entered his no contest plea, and was placed on Proposition 36 probation for 18 months.

2

Defendant violated his probation on January 31, 2014 by inflicting corporal injury on his girlfriend and falsely imprisoning her. In February 2014, he was charged with both of those offenses as felonies, and, based on those offenses, his Proposition 36 probation was summarily revoked. After a preliminary examination on the new charges that also served as the probation violation hearing, defendant was held to answer, and the court found that defendant had violated his probation. In April 2014, the court terminated defendant's Proposition 36 probation.

In May 2014, defendant entered into a plea agreement in the new case under which he pleaded no contest to both counts as misdemeanors. In July 2014, defendant was sentenced for both the transportation case and the new case. The court suspended imposition of sentence in both cases and placed defendant on probation in both cases with consecutive jail terms for each case.

Defendant filed a timely notice of appeal in the transportation case that challenged only the termination of his Proposition 36 probation without an amenability hearing. He filed a timely notice of appeal in the new case challenging his sentence. Defendant neither requested nor received a certificate of probable cause in either case. His appellate attorney filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which she asserted that there were no arguable appellate issues.

This court requested supplemental briefing on "the legal relevance, if any, of the 2014 amendment of Health & Safety Code section 11379 . . . with respect to defendant's plea of no contest to transportation of a controlled substance 'for personal use.'" Defendant responded by arguing that the amendment of the statute retroactively invalidated his plea, and he sought a remand with directions to the trial court to permit him to withdraw his plea. The Attorney General initially agreed.

This court then sought further supplemental briefing. First, this court asked whether defendant's challenge to the validity of his plea required a certificate of probable cause. Second, this court asked if there was any relevance to the fact that this issue arose

3

in the course of this court's *Wende* review. Third, this court asked if this court could permit defendant to file an amended notice of appeal that contained a request for a certificate of probable cause. Fourth, this court asked whether, if a certificate of probable cause was required and this court could not permit an amended notice of appeal, there were any other means available by which this court could grant defendant relief or he could seek relief.

Defendant conceded that he might well need a certificate of probable cause to challenge the validity of his plea. The Attorney General asserted that a certificate was required. They agreed that there was no relevance to the fact that this issue arose in the course of *Wende* review. Defendant claimed that this court could permit him to file an amended notice of appeal and to belatedly request a certificate of probable cause. The Attorney General disagreed. As to other potential remedies, defendant conceded that he could file a petition for a writ of habeas corpus, but he asserted that it would not be an adequate remedy.[2] The Attorney General took the position that defendant might be able to file a habeas petition.

## II. Discussion

Health and Safety Code section 11379 was amended effective January 1, 2014, less than a month after defendant's offense. This amendment was enacted by Assembly Bill No. 721, which was signed by the Governor on October 3, 2013, more than two months prior to defendant's offense. (Stats. 2013, ch. 504, § 2.) The amendment added subdivision (c) to the statute: "(c) For purposes of this section, 'transports' means to transport for sale." (Stats. 2013, ch. 504, § 2; § 11379, subd. (c).) Thus, after the

---

[2] Defendant has never filed a habeas petition in this court, or in the superior court to our knowledge.

amendment, a violation of section 11379 requires an intent to sell and cannot be committed when the controlled substance was transported solely for personal use.

A defendant who violated former section 11379 was eligible for Proposition 36 probation if the transportation was for personal use. (Pen. Code, § 1210.) Hence, when defendant entered his no contest plea to the charged former section 11379 count, he was eligible for Proposition 36 probation if the transportation was deemed to be for personal use. After the amendment of section 11379, a defendant who violates section 11379 is ineligible for Proposition 36 probation due to the "for sale" element. Consequently, defendant's December 2013 plea agreement provided him with a significant benefit that would have disappeared if he had waited until the amendment to section 11379 took effect. Defendant notably never sought to withdraw his plea in the many months after the amendment took effect and before the probation order from which he appeals.

Defendant is precluded from challenging the validity of his plea on appeal because he failed to timely obtain a certificate of probable cause. "A guilty [or no contest] plea amounts to an admission of every element of the crime and is the equivalent of a conviction." (*People v. Ward* (1967) 66 Cal.2d 571, 574; *People v. Mendez* (1999) 19 Cal.4th 1084, 1094 (*Mendez*).) "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where **both** of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk." (Pen. Code, § 1237.5, italics & boldface added.)

There is but one exception to this rule. "[T]he defendant may take and prosecute an appeal, without a statement of certificate grounds or a certificate of probable cause, if he has based his appeal solely on noncertificate grounds and has filed a notice of appeal so stating within 60 days after rendition of judgment." (*Mendez*, *supra*, 19 Cal.4th at

5

p. 1096.)  This exception is available only if the appeal is based on the denial of a suppression motion or on "[g]rounds that arose after entry of the plea and do not affect the plea's validity."  (California Rules of Court, rule 8.304(b).)[3]  In sum, the only appeals that may validly be taken from a judgment of conviction based on a no contest plea are those that fall within the rule 8.304(b) exception and those that comply with Penal Code section 1237.5's certificate of probable cause requirement.  The California Supreme Court has mandated that these rules "be applied in a strict manner."  (*Mendez*, at p. 1098.)

Defendant is appealing from a July 2014 probation order.  "Except as provided in (b) [(dealing with cross-appeal)] or as otherwise provided by law, a notice of appeal and any statement required by Penal Code section 1237.5 must be filed within 60 days after the rendition of the judgment or the making of the order being appealed.  Except as provided in rule 8.66 [(dealing with public emergencies)], no court may extend the time to file a notice of appeal."  (Rule 8.308(a).)  The 60-day period for defendant to file a request for a certificate expired in September 2014.  Defendant did not request or obtain a certificate of probable cause at any time before that period expired.  A certificate of probable cause cannot be obtained after that period has expired.  And rule 8.60(d) (formerly rule 45) does not permit us to grant relief from default for failing to file a timely request for a certificate.  "We have determined that, for purposes of rule 45(e) [now rule 8.60(d)], filing a statement of reasonable grounds for appeal [(a request for a certificate of probable cause)] is the equivalent of filing a notice of appeal, and consequently that this rule [(rule 45(e), now rule 8.60(d))] *does not afford relief from default in timely filing the required statement*."  (*In re Chavez* (2003) 30 Cal.4th 643, 653, italics & boldface added.)

Defendant's claim that the amendment of section 11379 invalidated his plea plainly is a challenge that "affect[s] the plea's validity."  Defendant could have

---

[3]     Subsequent rule references are to the California Rules of Court.

challenged the validity of his plea on appeal *if* he had obtained a certificate of probable cause. He did not. We lack the power to excuse him from this requirement. Accordingly, we cannot address his contention regarding the validity of his plea. As he makes no other challenges to the validity of the probation order, and we have uncovered no arguable issues on appeal, we must affirm the order.

## III. Disposition

The order is affirmed.

_____
Mihara, J.

I CONCUR:

_____
Bamattre-Manoukian, Acting P. J.

People v. Diego Ibarra
H041265

8

Márquez, J., Dissenting

There is no dispute about the merits of the underlying claim. Rather, the majority denies relief because defendant's counsel failed to obtain a certificate of probable cause. The majority does so even though this matter came before us on *Wende* review[1], and this court—not defendant—first raised the underlying issue on appeal. After we raised the issue, appellate counsel admitted she had failed to identify the issue. She requested leave to move to amend the notice of appeal and seek a certificate of probable cause, but such leave was not granted.

As a preliminary matter, it is not clear to me that a post-plea change in the law triggers the certificate-of-probable-cause requirement under Penal Code section 1237.5. But even if it did trigger that statutory requirement, as the majority holds, I believe our constitutionally imposed duties under *Wende* nonetheless require us to review the entire record and provide relief, where appropriate. In other words, I do not think the statutory requirement to obtain a certificate of probable cause creates a categorical exception that precludes appellate courts from conducting a full *Wende* review in cases where a defendant enters a plea but fails to obtain a certificate of probable cause.

Our duty under *Wende* is to ensure indigent defendants receive effective assistance of counsel. By affirming the order, defendant's only recourse will be to pursue his claim through a writ of habeas corpus, a proceeding in which he is not entitled to the appointment of counsel. The majority's holding thus deprives defendant, who is indigent, of his right to effective assistance of counsel, and it does so in a *Wende* proceeding that is supposed to ensure that he receives effective assistance. For these reasons, I respectfully dissent.

---

[1] *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

1. *Background*

Defendant pleaded no contest to transportation of a controlled substance "for personal use" in violation of Health and Safety Code section 11379 (Section 11379). After he entered his plea—but before he was sentenced—the Legislature amended Section 11379 to clarify that a conviction under the statute requires the intent to transport a controlled substance *for sale*. (Health & Saf. Code, § 11379, subd. (c), added by Stats. 2013, ch. 504, § 2.) This amendment eliminated the offense of "transportation for personal use." Notwithstanding the change in law, the trial court sentenced defendant as if the law had not been amended.

Defendant's trial counsel filed a timely notice of appeal listing post-plea grounds not at issue here. Trial counsel did not seek a certificate of probable cause. We appointed counsel to represent defendant on appeal, but counsel raised no claims and requested *Wende* review. After reviewing the entire record, we requested briefing on the effect of the Legislature's amendment to Section 11379.

In response, the Attorney General conceded that the amendment to Section 11379 applied retroactively to defendant's conviction under the rule of *In re Estrada* (1965) 63 Cal.2d 740. The Attorney General argued that defendant's conviction should be vacated and the matter remanded for further proceedings. Defendant agreed that the amendment applied retroactively and requested that we remand to allow him to withdraw his plea.

We then requested supplemental briefing on whether this claim required defendant to obtain a certificate of probable cause. The Attorney General withdrew her initial response and argued that we should not reach the merits of defendant's claim because he had failed to obtain a certificate of probable cause. Defendant argued "it is unclear" whether a certificate was required, but "in the exercise of caution," requested leave to file a motion to amend the notice of appeal and to seek a certificate. Appellate counsel also

stated that both she and trial counsel had failed to identify the change in law and that the failure to seek a certificate was due to the "oversights" of counsel. Appellate counsel also emphasized that the failure to seek a certificate was not due to any lack of diligence by defendant.

2. *Failure to Seek a Certificate of Probable Cause Was Ineffective Assistance of Counsel*

The United States Supreme Court has recognized that counsel's failure to file a timely notice of appeal may constitute ineffective assistance of counsel. (*Roe v. Flores-Ortega* (2000) 528 U.S. 470, 476-477 (*Flores-Ortega*).) This holding applies equally to the failure to seek a certificate of probable cause. (*Jones v. Henry* (9th Cir. 2011) 460 Fed.Appx. 717, 721.)

In *Flores-Ortega*, the court applied the familiar rule of *Strickland v. Washington* (1984) 466 U.S. 668 (*Strickland*) in the context of a failure to perfect an appeal.[2] The court first considered the first prong of the *Strickland* standard: deficient performance by counsel. The court held that even if a defendant does not clearly convey a desire to appeal, "counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, *because there are nonfrivolous grounds for appeal*), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." (*Flores-Ortega*, at p. 480, italics added.) The court added, "We expect that courts evaluating the reasonableness of counsel's performance using the inquiry we have

---

[2] Although the court in *Flores-Ortega* referred to a "notice of appeal," it appears the defendant—who had pleaded guilty—was required to seek a certificate of probable cause. (See *Flores-Ortega*, *supra*, 528 U.S. at p. 474, citing former California Rules of Court, rule 31(d).)

described will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal." (*Id.* at p. 481.)

The court then considered the prejudice prong of the *Strickland* standard. "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." (*Flores-Ortega*, *supra*, at p. 484.) Thus, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." (*Ibid.*) The court added, "evidence that *there were nonfrivolous grounds for appeal* or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." (*Id.* at p. 485, italics added.)

In my view, defendant has established ineffective assistance of counsel under the standards set forth in *Flores-Ortega*. Appellate counsel admitted that both she and trial counsel failed to identify the underlying issue requiring a certificate of probable cause. Once alerted to the issue after our *Wende* review, defendant pressed his claim, showing he would have pursued the claim had his counsel identified it and consulted with him about it. If this had happened, counsel would have been alerted to the need for a certificate of probable cause. Thus, both prongs of the *Strickland* standard are met.

That the issue arose after *Wende* review is also highly relevant to the analysis. The primary constitutional purpose of *Wende* review is to protect a defendant's right to effective assistance of counsel by searching for arguable issues that counsel may have missed. (*People v. Kelly* (2006) 40 Cal.4th 106, 119 (*Kelly*).) *Wende* review is further grounded in a defendant's rights to due process and equal protection under the Fourteenth Amendment. (*In re Sade C.* (1996) 13 Cal.4th 952, 978.) The California Supreme Court has repeatedly emphasized that this constitutional safeguard requires us to review "the

4

entire record." (*Kelly*, *supra*, at pp. 110, 111, 118, 123, 124, 125, 126; *Wende*, *supra*, 25 Cal.3d at p. 441.)

The majority nonetheless holds that counsel's failure to obtain a certificate of probable cause within the 60-day deadline deprives defendant of review of his otherwise meritorious claim. I disagree. The purpose of the certificate requirement is "to weed out frivolous and vexatious appeals from pleas of guilty or no contest, before clerical and judicial resources are wasted." (*People v. Buttram* (2003) 30 Cal.4th 773, 790.) There is no risk of a frivolous or vexatious appeal where the appellate court itself has raised the issue on *Wende* review.

More fundamentally, the requirement to obtain a certificate of probable cause within 60 days cannot trump a defendant's Sixth Amendment rights. I am aware that many courts, absent a certificate of probable cause, limit their *Wende* review to so-called "noncertificate" issues where the appeal follows a plea of guilty or no contest. (See *People v. McEwan* (2007) 147 Cal.App.4th 173.) In my view, this practice abrogates our duty to review the entire record under the Sixth Amendment. Because *Wende* review frequently follows a conviction by entry of plea, this limitation has the potential to transform a large number of appeals into "a meaningless ritual." (*Douglas v. People of State of Cal.* (1963) 372 U.S. 353, 358.)

Furthermore, in my view, the requirement of a certificate of probable cause is not as inflexible as the majority construes it to be. With the doctrine of "constructive filing," our high court has long recognized an exception for untimely appeals that occur as the result of counsel's negligence. (*In re Benoit* (1973) 10 Cal.3d 72, 84.) I would hold that the application of *Flores-Ortega* to the circumstances of this case requires us to recognize such an exception here. It would make little sense to require defendant to file a separate habeas petition. Generally, judicial economy favors a separate habeas proceeding where " 'the record on appeal sheds no light on why counsel acted or failed to act in the manner

5

challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation . . .' " (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.) But here there is no possibility counsel's failure involved a tactical trial decision; counsel's negligence was admitted, and there is no need for an evidentiary hearing. "There is no legitimate reason to limit to a petition for writ of habeas corpus the vehicle by which a defendant may seek to have an appeal deemed timely under the constructive filing doctrine." (*People v. Zarazua* (2009) 179 Cal.App.4th 1054, 1062; see also *People v. Pope* (1979) 23 Cal.3d 412, 425-426, overruled on other grounds in *People v. Berryman* (1993) 6 Cal.4th 1048; *People v. Byron* (2009) 170 Cal.App.4th 657, 666 [treating as a habeas petition an untimely appeal resulting from ineffective assistance].)

I would grant defendant leave to move for amendment of the notice of appeal so he may seek a certificate of probable cause. If he obtained a certificate of probable cause, I would reverse the order based on the merits of his claim and remand to the trial court to allow him to withdraw his plea.


_____
Márquez, J.




People v. Ibarra
H041265


6