Filed 3/3/16  P. v. Alfieri CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C078085 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F03766) |
| v. | |
| JEFFREY W. ALFIERI, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Having reviewed the record as required by *Wende*, we affirm the judgment but order an amendment of the abstract of judgment, as we shall explain.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

In May 2011, defendant Jeffrey W. Alfieri zip tied the victims, laid them on the ground in a tire shop, pointed a shotgun at them, and demanded and took their money and identification.  A complaint filed charged defendant with three counts of robbery.  (Pen.

1

Code, § 211.)[1]  The complaint also alleged as to each count defendant personally used a firearm.  (§ 12022.53, subd. (b).)  Defendant pleaded no contest to two counts of robbery and admitted the personal use enhancements in exchange for a negotiated sentence of 12 years, to run consecutive to an unrelated federal term.  The third count was dismissed with a *Harvey*[2] waiver.[3]

The trial court sentenced defendant to an aggregate state prison term of 12 years (two years, the low term, on count 1, plus ten years for the firearm enhancement), and the same term on count two to run concurrent.  The court awarded defendant 96 days of presentence custody credit.  The court imposed a $240 restitution fine (§ 1202.4, subd. (b)), a $240 suspended parole revocation restitution fine (§ 1202.45), and a $40 court security fee (§ 1465.8).  The court expressly waived all other fines and fees.  Lastly, the court ordered victim restitution as to count 1 and count 2 to be determined.

Defendant did not obtain a certificate of probable cause.  (Pen. Code, § 1237.5)[4]

---

[1]  Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

[2]  *People v. Harvey* (1979) 25 Cal.3d 754.

[3]  In a separate case, not appealed, defendant also pleaded no contest to misdemeanor driving under the influence of alcohol.  (Veh. Code, § 23152, subd. (b)).

[4]  Any right to appeal from a no contest plea is governed by section 1237.5.  (*People v. McEwan* (2007) 147 Cal.App.4th 173, 177.)  That section precludes an appeal unless:  (1) the defendant has filed a written statement "showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings"; and (2) the trial court has issued a certificate of probable cause.  (§ 1237.5; *McEwan,* at p. 177.)  There are two instances when an appeal is appropriate after a no contest plea: when a defendant raises issues (1) concerning search and seizure, or (2) focusing on proceedings after the plea concerning the degree of the crime or penalty imposed.  (*McEwan,* at p. 177, citing *People v. Shelton* (2006) 37 Cal.4th 759, 766; see also Cal. Rules of Court, rule 8.304(b).)

## *WENDE* REVIEW

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.[5]  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We must remand the matter to the trial court, however, for correction of the abstract of judgment.  The abstract states that a $30 criminal conviction assessment (Gov. Code, § 70373) was ordered, despite the court's oral statement that it waived all fines and fees other than those it specifically ordered at sentencing.

"Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls. [Citations.]" (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)  The abstract of judgment may not add to or modify the judgment.  (*Id.* at p. 389.)  This rule applies even to mandatory fines and fees, such as the criminal conviction assessment under Government Code section 70373.  (*Ibid*.)  Because the trial court stated that it was waiving all fines and fees other than those it expressly imposed, the abstract of judgment could not properly add any fines or fees to the judgment.

---

[5]  Counsel's *Wende* brief was filed on September 23, 2015.  On December 10, 2015, defendant filed a motion to file a late supplemental brief, indicating he had not received counsel's letter explaining the *Wende* brief until "late Oct[ober]."  Because defendant did not obtain a certificate of probable cause the issues cognizable on appeal are limited to those occurring after the plea concerning the sentence imposed.  Defendant was sentenced in accordance with the negotiated plea.  Accordingly, we denied this motion.

## DISPOSITION

The judgment is affirmed.  The matter is remanded to the trial court with directions to prepare an amended abstract of judgment that omits the $30 criminal conviction assessment under Government Code section 70373, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

          MURRAY         , J.

We concur:

      NICHOLSON     , Acting P. J.

      MAURO         , J.