Filed 12/20/22  P. v. Williams CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>INDUGO ASIFA WILLIAMS,<br><br>    Defendant and Appellant. | A165870<br><br>(Sonoma County<br>Super. Ct. No. PRL 202056-1) |

Indugo Asifa Williams was convicted in 2018 of attempted extortion (Pen. Code, § 524).  He was sentenced to two years, eight months in prison. Williams was paroled in September 2020.  In June 2022, Williams pleaded no contest to violating the terms of his parole.  His appointed appellate counsel filed a brief seeking our independent review of the record for arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).[1]  While it is questionable that *Wende* review applies in a post-conviction proceeding like this one (see *People v. Freeman* (2021) 61 Cal.App.5th 126, 134; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500–501), we have nonetheless conducted a review pursuant to *Wende,* and affirm because Williams' appeal presents no meritorious arguable issues.

---

[1] Counsel informed Williams of his right to file a supplemental brief on his own behalf, which he has not done.

## BACKGROUND

In 2022, Williams was under parole supervision. He agreed to parole conditions, including continuous electronic monitoring and prohibitions on tampering with his monitoring device. He was also required to obey all laws. On June 3, 2022, Williams removed his monitoring device. That same day, Williams caused a disturbance at "an elderly facility." Responding officers from the Santa Rosa police department attempted to detain Williams. Williams physically resisted the police and attempted to "headbutt" one of the officers.

On June 9, 2022, the Department of Corrections and Rehabilitation filed a petition to revoke Williams' parole. At the June 21, 2022 hearing on the petition, Williams pleaded no contest to violating the terms of his parole. Before entering his plea, Williams was informed of the consequences of his plea, was informed of and waived his rights to trial by jury, to confront and cross-examine witnesses, to subpoena witnesses for his defense, to testify in his own defense, and his privilege against self-incrimination. After finding a factual basis for the plea, the trial court found Williams violated his parole conditions, ordered Williams reinstated on parole, and modified the terms to include 120 days in county jail.

Williams filed a timely notice of appeal. Williams requested a certificate of probable cause, alleging lack of reasonable suspicion or probable cause to detain him at the time of his arrest, discrimination by the Public Defender's office prompted by an unsuccessful *Marsden* motion, and inadequate time to prepare for the parole revocation hearing. His request for a certificate of probable cause was denied.

## DISCUSSION

Assuming *Wende* review applies here, we find no meritorious issues to be argued. (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 7 [appellate court may retain an appeal seeking *Wende* review].) In order to challenge a judgment following a no contest plea, based on the matters Williams specified for appeal, he was required to obtain a certificate of probable cause from the trial court. (Pen. Code § 1237.5, subd. (b); Cal. Rules of Court, rule 8.304(b) (Rule 8.304); *In re Chavez* (2003) 30 Cal.4th 643, 650–651 & fn. 3; *People v. McEwan* (2007) 147 Cal.App.4th 173, 177–178; *People v. Stubbs* (1998) 61 Cal.App.4th 243, 244–245.) As relevant here, a defendant who has entered a no contest plea and has not obtained a certificate of probable cause may only appeal the sentence or other matters occurring after entry of the plea that do not affect the validity of the plea. (Rule 8.304(b)(2)(B); *People v. Vargas* (2007) 148 Cal.App.4th 644, 651.)

The trial court's denial of a certificate of probable cause made the appeal "inoperative" except as to matters occurring after entry of the plea. (*People v. Stubbs, supra,* 61 Cal.App.4th at p. 245; Rule 8.304(b)(2)(B).) Having independently reviewed the record, we have found no meritorious issues. We are satisfied Williams' appellate attorney fully complied with counsel's responsibilities. (*Wende, supra,* 25 Cal.3d at p. 443.)

## DISPOSITION

The judgment is affirmed.

GOLDMAN, J.

WE CONCUR:

POLLAK, P. J.
STREETER, J.

3