Filed 11/17/25  P. v. Mix CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSEPH ROBERT MIX,<br><br>    Defendant and Appellant. | B340929<br><br>(Los Angeles County<br>Super. Ct. No. NA122422) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Affirmed.

Joseph Robert Mix, in pro. per., Teresa Biagini, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————

Joseph Robert Mix appeals from the judgment entered after he pleaded no contest to one count of lewd or lascivious act upon a child age 14 or 15 and one count of possession of child

pornography and the trial court sentenced him to an aggregate term of two years in state prison. We appointed counsel to represent Mix on appeal. After reviewing the record, appointed appellate counsel for Mix did not identify any arguable issues and asked this court to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436. After independently reviewing the record, as well as the supplemental opening brief filed by Mix, we have not identified any arguable issues either. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 22, 2023 Mix met 15-year-old A.J. at a birthday party.[1] A.J. attended the party with her friend, who was Mix's daughter. At some point during the party, Mix began talking to A.J. about "sadism, masochism, and 'hand-jobs,'" and he showed A.J. a photo of a naked woman tied to a bed. A week later, A.J. was at Mix's apartment visiting her friend when Mix took A.J. into his bedroom, where he undressed her and touched her on her chest, her "private parts" (including her vagina) and her entire body. He touched her both over and under her clothing, with "skin-to-skin contact." Mix did the same thing to A.J. "multiple times." On several occasions Mix blindfolded her.

In May 2023 Mix had A.J. lie on the bed and touched her underneath her clothing. He put his fingers into her vagina, then "put his lower body part into [hers] without protection," then "went in and out for a little bit, and then just stopped" and left A.J. on the bed. She clarified that the "body part" was Mix's

---

[1] The facts are taken from the October 23, 2024 probation report as background only.

2

penis. Mix left her, and when he returned, A.J. was crying. A.J. also described that Mix on different occasions blindfolded her, tied her up with a rope, made her wear a cat collar, and put restraints over her wrists. He also put a vibrator inside her vagina and anus.

On June 1, 2023 A.J. was in a class where the teacher was presenting a sex education lesson and suggested the students write a note to her if they had any questions. A.J. wrote a note saying she had been raped and did not know what to do about it. A.J. explained in her testimony that she was referring to Mix. The teacher brought A.J. into the office, and the school contacted the police. The police officers executed a search warrant and recovered from Mix's home handcuffs, a spiked metal collar, tasseled whips, a black rope, vibrators, dildos, and several other sex toys, as well as two laptop computers, a memory card, USB drives, a cell phone, and a mini-tablet. The police recovered from Mix's devices over 30,000 images and 131 videos of child pornography.

An information filed on January 25, 2024 charged Mix with three counts of committing a lewd or lascivious act upon a child age 14 or 15 (Pen. Code, § 288, subd. (c)(1); [2] counts 1, 3 & 4); three counts of possession of child pornography (§ 311.11, subd. (a); counts 5, 6 & 7); and one count of oral copulation with a person under 16 years of age (§ 287, subd. (b)(2); count 2). As to counts 1 through 4, the information alleged the victim was particularly vulnerable within the meaning of California Rules of Court, rule 4.421(a)(3)),[3] and, as to all counts, that the acts

---

[2] All statutory references are to the Penal Code.

[3] All references to rules are to the California Rules of Court.

involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness. (Rule 4.421(a)(1).) The information also alleged as to all counts that Mix had been convicted of other crimes for which consecutive sentences could be imposed (rule 4.421(a)(7)) and that he had served a prior prison term within the meaning of section 1170, subdivision (h).

On June 3, 2024 the trial court granted Mix's *Pitchess* motion for discovery of police officer records[4] but found no discoverable information after conducting an in-camera review. On June 25 the court denied Mix's motion to quash the search warrant for his home and his motion to exclude evidence from the search. Mix had argued the materials found on his "USB disk" that allegedly contained pornographic materials should be suppressed because there was no probable cause to seize Mix's cell phones, computers, and hard drives. Mix argued the detective's testimony—that a witness observed Mix recording A.J. at a minor's birthday party and that the seized items could assist the police in locating additional victims—was insufficient to support issuance of the search warrant.

On July 26, 2024 Mix, on his own behalf, filed a motion to dismiss the charges (July 26 motion to dismiss) on the basis his due process rights had been violated "by denying Defendant the basic requirement of discovery, [and] also by imposing cruel and unusual punishment." With respect to cruel and unusual punishment, Mix argued that while he was in custody, he was deprived of sleep when taken to court, required to live in unsanitary and inhumane conditions, denied adequate supplies

---

[4]     *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

and access to the library, and subject to excessive bail. Mix also filed on his own behalf a motion to set aside the information pursuant to section 995 with respect to counts 5 through 7 for possession of child pornography because "there is insufficient proof to establish a reasonable belief that an offense has been committed and the defendant is guilty of the charged offense." The trial court denied both motions on August 8, 2024.

On September 12, 2024 Mix filed a motion titled "Suggestion to Dismiss" pursuant to section 1385. The motion argued the child pornography counts should be dismissed because "to proceed on those charges would be against public policy and would violate the 4th, 6th and 14th Amendments of the United States Constitution as well as . . . the California Constitution, as well as California Evidence Code." The trial court denied the motion the same day.

On September 12, following the denial of his motion to dismiss filed that day, Mix pleaded no contest to one count of lewd or lascivious act upon a child age 14 or 15 (count 1) and one count of possession of child pornography (count 5) and admitted an aggravating factor pursuant to rule 4.421(a)(3). Prior to his change of plea, the trial court advised him of his constitutional and other rights, which Mix waived. On September 18 the court sentenced Mix to the middle term of two years on count 1 and a concurrent two-year term (also the middle term) on count 5. The court awarded Mix 384 actual days of custody credit and 384 days of conduct credit for a total of 768 days of credit. The court ordered Mix to register as a sex offender under section 290, and the court entered a criminal protective order requiring Mix to stay away from A.J. for 10 years.

On September 20, 2024 Mix filed a notice of appeal and checked the boxes on the form stating "[t]his appeal challenges the validity of the plea" and "[o]ther basis for this appeal." The form stated as to each basis that he was required to request a certificate of probable cause. Mix argued in his request for certificate of probable cause: "Prior to entering his plea of no contest, Mr. Mix made several oral and written motions on his behalf. Some of these motions were made through his appointed counsel. The majority were made in writing and filed himself. Specifically, Mr. Mix made numerous motions to be provided a copy of his discovery. This request was made orally through his appointed counsel. Mr. Mix also filed several written motions to deny one or more counts charged in the information. All of these motions were formally denied. Mr. Mix . . . entered his plea of no contest partly because his various motions had been denied. Had the motions been granted, the change of plea may not have occurred. Mr. Mix wishes to appeal the denial of his oral and written motions as well as the denial of his request for a copy of his discovery." The trial court denied Mix's request for certificate of probable cause.

## DISCUSSION

After reviewing the record, counsel for Mix filed an opening brief raising no issues. On September 21, 2025 counsel advised Mix of her evaluation and intent to file a brief raising no issues. Counsel also sent Mix a copy of the appellate record and the brief. On September 25 counsel for Mix filed a supplemental opening brief attaching Mix's July 26 motion to dismiss, which the trial

6

court had denied.[5]

Following entry of a judgment based on a plea of no contest, with limited exceptions, a defendant must obtain a certificate of probable cause from the trial court to raise a challenge on appeal, including to the validity of an appeal. (§ 1237.5, subd. (b); see *People v. Cuevas* (2008) 44 Cal.4th 374, 379; rule 8.304(b)(1).) A certificate of probable cause is not required for an appeal of "(1) search and seizure issues for which an appeal is provided under section 1538.5, subdivision (m); and (2) issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Panizzon* (1996) 13 Cal.4th 68, 74-75; see rule 8.304(b)(2).)

In the absence of a certificate of probable cause, we lack jurisdiction to review the trial court's denial of Mix's July 26 motion to dismiss based on the failure of the prosecution to produce discovery and the conditions of his confinement. To the extent Mix claims he would not have entered the plea agreement but for the court's denial of his July 26 motion to dismiss (or other motions to dismiss), "[i]t has long been established that issues going to the validity of a plea require compliance with section 1237.5." (*People v. Panizzon*, *supra*, 13 Cal.4th at p. 76; see *People v. McEwan* (2007) 147 Cal.App.4th 173, 178.) Accordingly, Mix cannot challenge the validity of the plea based on the denial of the July 26 motion to dismiss or other motions to dismiss.

---

[5] The supplemental brief states, "Appellant Joseph Mix . . . submits the attached Motion to Dismiss in the Furtherance of Justice . . . for this Supplemental Opening Brief."

7

We have reviewed the portion of the record that does not require a certificate of probable cause (the denial of his motion to suppress) and are satisfied that appellate counsel for Mix has complied with her responsibilities and that there are no arguable issues.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende, supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.

FEUER, J.

We concur:

MARTINEZ, P. J.

STONE, J.