Filed 1/28/16  P. v. Jacobs CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B264628 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.  BA394442) |
| v. | |
| ROY LEWIS JACOBS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Kerry Bensinger, Judge.  Affirmed.

Elizabeth K. Horowitz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

# BACKGROUND

A. *Trial and Prior Appeal*

Between December 1999 and April 2008, appellant Roy Lewis Jacobs applied for and secured multiple California driver's licenses and state identification cards under false names. In 2013, appellant was convicted of seven felony counts of perjury for lying under oath on the license applications in violation of Penal Code section 118, subdivision (a), one felony count of identity theft in violation of Penal Code section 530.5, subdivision (a), and one felony count of false personation in violation of Penal Code section 529.[1]  Additionally, he was found to have been convicted of first degree burglary in 1993 and 1994 (§ 459), "strikes" under the "Three Strikes" law.  (See §§ 667, subd. (b)-(i), 1170.12, subd. (a)-(d).)

Appellant was sentenced to 13 years imprisonment, consisting of:  six years (the mid-term, doubled) for one count of perjury; one year each (one-third the mid-term) for five of the remaining counts of perjury; and two years (the low term) for the last count of perjury.  In addition, the court imposed and stayed two 16-month sentences (the low terms) for identity theft and false personation.  Appellant's convictions were affirmed by this court in an unpublished opinion, *People v. Jacobs* (Mar. 9, 2015, B249102).

B. *Proceedings Below*

On February 12, 2015, appellant filed a petition for resentencing, asking that his felony sentences be recalled, and that he be resentenced to misdemeanors under section 1170.18[2]  The trial court denied the motion, stating in its order that

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  Section 1170.18 was enacted as part of the initiative known as Proposition 47, """"the Safe Neighborhoods and Schools Act,"""" and governs petitions for resentencing under that act.  (See *T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 650, fn. 2.)

appellant's felony convictions were "not for . . . offense[s] that qualif[y] for designation as a misdemeanor conviction . . . ."  Appellant filed a second application for resentencing, asking in a handwritten attachment that the court "hear this appeal" of the denial of his petition for resentencing.  The superior court treated this filing as a notice of appeal.  (See *People v. Lloyd* (1998) 17 Cal.4th 658, 665.)

## DISCUSSION

After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  On September 11, 2015, we sent a letter to appellant's last known address, advising him that he had 30 days within which to submit by brief or letter any contentions or argument he wished this court to consider.  No response was received to our letter.  However, in the handwritten attachment to the document deemed his notice of appeal, appellant contended his sentence "clearly meets the requirements" for resentencing under section 1170.18.

This court has examined the entire record, and is satisfied no arguable issues exist.  Section 1170.18 "makes certain drug- and theft-related offenses misdemeanors" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091), and "provides a mechanism by which a person currently serving a felony sentence for an offense that is now a misdemeanor, may petition for a recall of that sentence and request resentencing in accordance with the offense statutes as added or amended by Proposition 47.  [Citation.]"  (*T.W. v. Superior Court*, *supra*, at p. 650, fn. 2.)  Proposition 47 "added sections 459.5 [shoplifting], 490.2 [petty theft] and 1170.18 to the Penal Code; amended sections 473 [forgery related to checks, bonds, bank bills, notes, etc.], 476a [nsf checks, drafts or bank orders], 496 [receipt of stolen property] and 666 [petty theft with a prior] of the Penal Code; and

3

amended Health and Safety Code sections 11350 [possession of designated controlled substances], 11357 [possession on school grounds] and 11377 [unauthorized possession of controlled substance]." (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308; accord, *People v. Rivera, supra,* 233 Cal.App.4th at p. 1091; see § 1170.18, subd. (a).) Resentencing is available only where a defendant has been convicted of one of the specified offenses. Appellant is ineligible for resentencing because the crimes of which he was convicted -- perjury (§ 118, subd. (a)), identity theft (§ 530.5), and false personation (§ 529) -- are not within the scope of Proposition 47.

Appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the order denying his petition in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278.)

**DISPOSITION**

The order denying the petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, J.


We concur:



EPSTEIN, P. J.



COLLINS, J.